(No. 16193.—Judgment affirmed.)

THE RIDGE COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JESS NORMAN, Defendant in Error.)

*Opinion filed December 16, 1924.*

1. WORKMEN'S COMPENSATION—*what disability may be reviewed under paragraph (h) of section 19 of Compensation act.* The disability referred to in paragraph (*h*) of section 19 of the Compensation act, providing for a review "on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended," is the disability found to exist and for which compensation is allowed under paragraph (*d*) of section 8.

2. SAME—*employer petitioning for review under paragraph (h) of section 19 must produce evidence of the employee's condition.* An employer petitioning for a review of an award under paragraph (*h*) of section 19 of the Compensation act does not present sufficient evidence to justify a holding that the disability of the employee has ended where no evidence is offered concerning the employee's condition, evidence for the employer being confined to testimony concerning the wages of the employee in a different kind of work than that in which he was engaged prior to the injury.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

T. W. QUINLAN, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, Jess Norman, while in the employ of plaintiff in error as a loader, received an injury by reason of a powder explosion, causing burns about his arms, face and body. An award was entered for temporary total disability and disfigurement and the further sum of $4.95 per week for a period of 384-3/7 weeks for partial disability. The decision of the arbitrator was entered on July 27, 1919. A petition for review before the commission was filed and a hearing was had thereon on January 30, 1920, and on February 11, 1920, the commission affirmed the award.

On July 2, 1921, a petition was filed by the plaintiff in error under paragraph (*h*) of section 19 of the Compensation act, setting up that the defendant in error's disability had since the entry of the original award decreased and ended. A hearing was had on this petition on October 31, 1921. The only testimony offered on behalf of plaintiff in error on this petition related to the earnings of the defendant in error at the time the petition was filed. Defendant in error was examined, and testified that he was at that time receiving $6.86 per day for top work; that he was unable to load coal, which had been his regular occupation at the time of the injury; that he could do the top work, such as trimming cars, because it was not so heavy; that his left arm was a little better; that his back was worse and that his kidneys were in bad shape; that he had been unable to return to the work of loading coal since the injury. On the hearing on the original claim it was stipulated that at the time of his injury his average weekly wage was $27.51. The testimony on the hearing on this petition showed that when he went to work at top work he earned $4.36 per day, and that thereafter different increases in wages were granted until by August 16, 1920, he was earning $6.86 per day.

Plaintiff in error contends that the wage of defendant in error at the time this petition was filed amounted to $31.36 per week as against $27.51 before the injury; that this evi-

dence of itself is sufficient to show that the disability has ended. Counsel for plaintiff in error also states in his brief that it is stipulated that the increase in wages for loading coal amounted to fourteen per cent, and that with such increase added to the wage received by the defendant in error before the injury it would still be less than he is receiving. The record shows, however, that the stipulation as to an increase of fourteen per cent for loaders was entered into at the time of the hearing on review of the original petition for compensation before the commission on January 30, 1920. The record does not contain any evidence as to the increase in the wages of loaders up to the time of the hearing on this petition on October 31, 1921. There is not, therefore, in the record sufficient evidence on which to base a comparison of increases.

The "partial disability clause" of the statute, as it is called, is paragraph (*d*) of section 8 of the Compensation act, which provides that if the employee, as a result of his injury, becomes partially incapacitated from pursuing his usual and customary line of employment, he is entitled to compensation "equal to fifty percentum of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident." Paragraph (*h*) of section 19 permits a review of the award within eighteen months "on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended." The disability referred to in paragraph (*h*) of section 19 is the disability found to exist and for which compensation is allowed under paragraph (*d*) of section 8 of the act. It is therefore important, though not necessarily controlling, on a petition under paragraph (*h*) of section 19, to determine what the employee is earning as compared with what he earned prior to his injury. Where there has been a change in the scale of wages, a comparison of earning power before and

after the injury cannot be fairly made without a showing not only as to the increase in the scale of wages received by the employee since the accident but also the increase in the scale of wages paid for the character of services rendered by him prior to the accident. The purpose of the act is to as nearly as possible give the injured employee fifty per cent of the difference between what his earnings would have been had he not been injured and what he is earning or is able to earn subsequent to the injury. In order to do this, where the scale of wages of his subsequent employment has increased since the injury, it is necessary to show whether or not there has been an increase or decrease in the scale of wages paid for employment of the character the employee was engaged in before the injury, and how much. While the record in this case shows that the increase in the scale of wage paid for employment of the character followed by the defendant in error before his injury amounted to fourteen per cent up to the time of the hearing on the original petition before the commission in January, 1920, it does not show what increase, if any, had taken place in the scale of wages for such employment up to the time of the hearing on this petition in October, 1921.

Since the plaintiff in error has contented itself with presenting testimony only concerning the wages of the defendant in error and has offered no evidence concerning the condition of the defendant in error, its evidence is not sufficient to justify a holding that the disability of the defendant in error has ended, and the circuit court was right in so holding.

The judgment of the circuit court will therefore be affirmed.                                    *Judgment affirmed.*