(No. 16183.—Judgment affirmed.)

The Scranton and Big Muddy Coal and Mining Company, Plaintiff in Error, *vs*. The Industrial Commission *et al*.—(Joseph C. Irwin, Defendant in Error.)

*Opinion filed February 17, 1925.*

1. Workmen's compensation—*what question is for consideration on petition for review for decrease of disability.* On petition under paragraph (*h*) of section 19 of the Compensation act to review an award for alleged decrease of disability the only question is whether the physical disability has decreased since the award was made, and this fact cannot be ascertained by considering some other question.

2. Same—*compensation in another employment is not the only test in determining decrease of disability.* The average amount which an applicant for compensation earns or is able to earn in some suitable employment is a proper element to be considered in determining the amount of compensation, if any, to which he will be entitled in the first instance but is not the only element to consider in determining whether there has been a decrease of the physical disability.

3. Same—*what does not show decrease of disability.* On petition to review an award on the ground of decrease of disability, evidence that the injured employee has been elected to the position of check weighman in a mine and receives a greater sum per day than he did in the occupation of loading coal in the mine, in which occupation he was engaged when injured, does not show a decrease of physical disability.

Writ of Error to the Circuit Court of Williamson county; the Hon. D. T. Hartwell, Judge, presiding.

Ed. M. Spiller, (A. P. Wodraska, of counsel,) for plaintiff in error.

A. W. Kerr, and Geo. R. Stone, for defendant in error.

Mr. Justice DeYoung delivered the opinion of the court:

Joseph C. Irwin was injured on September 9, 1919, while in the employ of the Scranton and Big Muddy Coal and Mining Company, by falling coal, which struck him in

the back.   On November 18, 1920, an arbitrator awarded him $12 per week for 54-3/7 weeks,—the period of temporary total incapacity,—and the further sum of $8.11 per week for 351 weeks for partial permanent incapacity.   The employer paid the installments due under the award until April 6, 1921, when it filed its petition for review under paragraph (*h*) of section 19 of the Workmen's Compensation act as amended, claiming a decrease of disability.   A hearing was had before the commission, which resulted in a denial of the prayer of the petition.   On review by writ of *certiorari* the decision of the commission was confirmed by the circuit court of Williamson county.   A further review is sought by this writ of error.

When Irwin was injured he was employed in loading coal in a mine.   That occupation at the time of the hearing on the petition for review would have yielded him $8.99 per day.   After his injuries he returned to the mine as a trapper at $4 per day until December 22, 1920, when he was elected by the loaders of his local union as check weighman at a daily wage of $9.50, plus an additional day for each six days actually employed.   The record shows that a check weighman is subject to removal or discharge at any time, that trapping is lighter work than loading coal, and that the duties of a check weighman require less physical exertion than either of the other occupations.   Irwin testified that after he suffered his injuries he was unable to load coal.   There was no evidence on the part of the plaintiff in error in support of its claim that the disability of Irwin had diminished, except that his compensation as check weighman exceeded the wages he had received prior to his injuries.

The compensation received by a workman who, after receiving injuries in a certain employment, engages in a different occupation is not the only test of his physical ability or disability.   The only question open for consideration

on a review of this character is an increase or decrease of his physical disability as previously determined, and this fact cannot be ascertained by the consideration of some other question. (*Stromberg Co.* v. *Industrial Com.* 305 Ill. 619.) The inquiry is whether the disability has recurred, increased, diminished or ended, as the contention may be, since the award was made. (*Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 120; *Casparis Stone Co.* v. *Industrial Board,* 278 id. 77; *Squire-Dingee Co.* v. *Industrial Board,* 281 id. 359.) Under paragraph (*d*) of section 8 of the act the average amount which the applicant earns or is able to earn in some suitable employment or business after the accident is a proper element to be considered in determining the compensation, if any, to which he will be entitled in the first instance, but that method of arriving at compensation does not, alone, determine whether there has been an increase or decrease of the physical disability previously shown. (*Ridge Coal Co.* v. *Industrial Com.* 314 Ill. 509.) It does not follow as a proposition of law that because an employee earns more at the time of the hearing on review than he earned at the time he was injured his disability has or has not been reduced. (*Williams Co.* v. *Industrial Com.* 303 Ill. 352.) The burden is upon one asserting that there has been an increase or a decrease of the disability to establish that fact. (*Springfield District Coal Co.* v. *Industrial Com.* 303 Ill. 312.) The character of the testimony here introduced did not show that the disability of Irwin had decreased at the time of the hearing on the review.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*