THE GOODMAN MANUFACTURING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (E. KALLQUIST, Defendant in Error.)

*Opinion filed April 24, 1925.*

1. WORKMEN'S COMPENSATION—*furnishing medical and hospital services constitutes payment of compensation.* The furnishing of medical, surgical and hospital services constitutes payment of compensation within the meaning of section 24 of the Compensation act.

2. SAME—*section 24 of the Compensation act does not relate to statement required by section 30.* The provision of section 24 of the Compensation act as to making claim for compensation within six months after payments have ceased and "a statement of the amount of compensation paid shall have been filed," does not relate to the statement or report of the compensation paid in certain classes of injuries, as provided in section 30, but section 24 applies to all cases and requires the filing of said statement before it will constitute a bar to the employee's claim for further compensation where more than six months have elapsed.

3. SAME—*when finding of commission will not be disturbed.* A finding of facts by the Industrial Commission will not be disturbed unless contrary to the manifest weight of the evidence.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

GARRETT, McKENNA & HARRIS, for plaintiff in error.

I. WESLEY BAKER, and GEORGE W. HALL, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

E. Kallquist brought a claim for compensation before the Industrial Commission for adjustment on account of injuries claimed to have been received by him while in the employ of plaintiff in error, and after a hearing before an arbitrator was awarded $1400. On review before the commission the award was affirmed, whereupon a writ of *cer-*

*tiorari* was sued out of the circuit court of Cook county. Upon hearing before that court the decision of the commission was set aside and a finding entered that Kallquist was entitled to receive $12 for 100 weeks for the complete loss of sight of the left eye. To review this finding a writ of error was allowed by this court.

The injury is alleged to have occurred September 18, 1920, and the application for adjustment of the claim was filed December 12, 1922. It is contended by plaintiff in error that since a petition for adjustment of compensation was not filed with the Industrial Commission until more than two years after the accident the proceeding is barred by the provision of section 24 of the Workmen's Compensation act prohibiting its maintenance unless claim for compensation has been made within six months after the accident, or if payments have been made under the provisions of the act, "within six months after such payments have ceased and a receipt therefor or a statement of the amount of compensation paid shall have been filed with the commission." Defendant in error's answer to this claim is that payments were made under the provisions of the act, and that no receipt therefor or statement of the amount of compensation paid has been filed with the commission, and that therefore the six months' limitation prescribed by the statute has not run. Kallquist testified that on the 18th of September, 1920, while working in the line of his employment, riveting a chain, three or four pieces of steel flew into his left eye; that upon the same day he was sent by the company to Dr. Walker, who treated the eye and took steel out; that the doctor treated his eye six or seven times,— the first week twice and once a week for about six weeks thereafter;—and that he was afterwards sent by the nurse at plaintiff in error's plant who looked after the men who are hurt, to Dr. Boone, who treated him once. Dr. Walker testified that he treated Kallquist's left eye from September 18, 1920, to September 29, 1920. There was no denial.

by plaintiff in error that Kallquist was injured at the time and place in question or that medical services were furnished by plaintiff in error to him on account of the injury. It has been repeatedly held by this court that the furnishing of medical, surgical and hospital services must be regarded as the payment of compensation under the Workmen's Compensation act. *Central Car Works* v. *Industrial Com.* 290 Ill. 436; *Jackson* v. *Industrial Com.* 302 id. 281; *Field & Co.* v. *Industrial Com.* 305 id. 134; *Yellow Cab Co.* v. *Industrial Com.* 315 id. 235.

It is contended by plaintiff in error that the language in section 24 with reference to the filing of receipts for compensation relates to section 30, which requires every employer within the provisions of the act to send to the Industrial Board, in writing, an immediate report of all accidental injuries arising out of or in the course of the employment resulting in death, and a report between the 15th and 25th of each month of all accidental injuries for which compensation has been paid under the act which entail a loss to an employee of more than one week's time. It is manifest that section 30 does not purport to cover all cases for which compensation is required by law to be paid. There are many cases for which compensation can be recovered where the injury does not result in either death or the loss of more than one week's time. On the other hand, section 24 is more comprehensive and does purport to cover all cases where compensation is sought. Plaintiff in error having failed entirely to file with the commission a statement of the amount of compensation paid to Kallquist by way of medical services, section 24 would not constitute a bar to Kallquist's claim for compensation.

Plaintiff in error contends that there is no causal connection between the accident of September 18, 1920, and Kallquist's total loss of vision. Kallquist testified that the eye in question was all right before the injury; that he never had any other injury to it; that it steadily failed

after the injury until sight was entirely lost. He testified to a state of facts which, if true, entitled him to compensation. He is corroborated in some respects by some of the medical testimony, while there is medical testimony in the record to the effect that there was no causal connection between the accident and the loss of vision. It has been frequently held by this court that a finding of facts by the commission will not be disturbed unless contrary to the manifest weight of the evidence. *Field & Co.* v. *Industrial Com. supra; Keller* v. *Industrial Com.* 302 Ill. 610.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*