(No. 3667—

WILLIAM T. LEE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1942.*

*Rehearing denied December 17, 1942.*

WILLIAM L. KELLEY AND EMMET F. BYRNE, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

On August 13, 1938, the claimant, who was then employed as a janitor and orderly by the State of Illinois at the 122nd Field Artillery Armory at Chicago, fell down an elevator shaft from the first floor of the Armory Building to the basement. He sustained a skull fracture, fracture of the right wrist, bruises and lacerations. Claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and the accident arose out of and in the course of the employment.

At the time of the accident, claimant's earnings were $100.00 per month. All medical, surgical, and hospital services were furnished by the respondent, in the total sum of $1,551.30. Claimant was paid no compensation, but received his salary while he was in the hospital, through the month of December, 1938. There is no allegation in the complaint, and the record shows no payment of wages for non-productive time or compensation subsequent to December, 1938. Claimant has now returned to work. He seeks an award for temporary total and permanent partial disability.

The complaint was filed on December 2, 1941, almost three years after the last payment of wages for non-productive time. Respondent has filed a motion to dismiss. Section 24 of the Workmen's Compensation Act provides as follows:

* * * Notice of the accident shall give the approximate date and place of the accident, if known, and may be given orally or in writing; provided no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, provided, that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred. * * *

Compliance with this section is a condition precedent to the right to maintain proceedings under the Workmen's Com-

pensation Act. *City of Rochelle* vs. *Industrial Commission*, 332 Ill. 386; *Inland Rubber Company* vs. *Industrial Commission*, 309 Ill. 43; *Simpson* vs. *State*, 10 C. C. R. 394; *Boismenue* vs. *State*, No. 3550, Illinois Court of Claims. Since the amendment of 1925, the furnishing of medical, surgical and hospital services does not extend the time for filing application for compensation. *Lewis* vs. *Industrial Commission*, 357 Ill. 309; *Chicago Board of Underwriters* vs. *Industrial Commission*, 332 Ill. 611; *Anker* vs. *State*, 11 C. C. R. 32. Section 8(a) of the Workmen's Compensation Act now expressly provides that the furnishing of medical, surgical and hospital services by the employer shall not be construed as the payment of compensation. *New Staunton Coal Company* vs. *Industrial Commission*, 328 Ill. 89, and cases there cited are no longer controlling. Claimant having failed to comply with Section 24 of the Act, the court is without jurisdiction to make an award.

The claim is therefore denied and case dismissed.