JESSIE TAYLOR, Adm'r of the Estate of Robert Florence, Deceased, Plaintiff-Appellee, *v.* THE HARTFORD FIRE INSURANCE COMPANY, Defendant-Appellant.

(No. 73-320;

Third District—September 18, 1974.

John E. Cassidy, Jr., of Cassidy, Cassidy & Mueller, of Peoria, for appellant.

William R. Kelly, of Kelly & Coney, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is by defendant-appellant, Hartford Fire Insurance Company, workmen's compensation carrier for Oliver Farm Equipment Company, from summary judgment entered in favor of plaintiff-appellee, Jessie Taylor, administrator for the estate of Robert Florence, and from an order denying defendant's post-trial motion.

Decedent, Robert Florence, employee of Oliver Farm Equipment, was injured as a result of an accident arising out of and in the course of his employment. The defendant, Hartford Fire Insurance Company, negotiated a settlement with decedent's attorney of $2,125 payable in a lump sum. This settlement reflected the equivalent of a 12½-percent loss of use disability to which decedent might have been entitled under section 8 (e) of the Workmen's Compensation Act for specific loss. This settlement was not approved by the Industrial Commission. The defendant drew a draft payable to decedent and his attorney which was received by the attorney prior to but on the same day as decedent's death. The cause of decedent's death was unrelated to his accident as an employee. Decedent never endorsed this draft and defendant stopped payment on the draft.

The first issue raised by defendant-appellant concerns the existence of subject-matter jurisdiction of the trial court in this case. It is defendant's contention that the Industrial Commission had primary and exclusive jurisdiction under section 13 of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.13) and since the remedies created by the act were unknown to the common law the circuit courts were accordingly limited by the language of the statute and in this case had no jurisdiction to construe and apply sections 22 and 23 of the Act nor to decide claims whose resolution depends upon the construction of

sections 22 and 23. In order to understand the nature of the case it would be helpful to set out the pertinent portions of sections 22 and 23. Section 22 states, "Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto, subject to the provisions of this Act relative to compensation for death received in the course of employment, and subject to the provisions of paragraph (e) of Section 8 of this Act relative to specific loss." (Ill. Rev. Stat. 1971, ch. 48, par. 138.22.) Section 23 states, "No employee, personal representative, or beneficiary shall have power to waive any of the provisions of this Act in regard to the amount of compensation which may be payable to such employee, personal representative or beneficiary hereunder except after approval by the Commission." Ill. Rev. Stat. 1971, ch. 48, par. 138.23.

■■ Defendant cites three cases in support of the proposition that where courts of general jurisdiction exercise a special jurisdiction not arising out of common law but out of a statutory origin they are limited by the language of the statute and all other forms are excluded. (*Nierman v. Industrial Commission*, 329 Ill. 623, 161 N.E. 115; *Levy v. Industrial Commission*, 346 Ill. 49, 178 N.E. 370; *Western Shade Cloth Co. v. Industrial Commission*, 325 Ill. 570, 156 N.E. 796.) The general proposition of law contended for by defendant is not in dispute in this case. The case at bar is distinguishable because the action here is on a bank draft which constitutes the proceeds of the settlement. This is not an action directly within the scope of the Workmen's Compensation Act. This is an action by an administrator of an estate to collect the proceeds of a draft which constitutes an asset of the estate. Accordingly, we find no merit to the claim that the trial court lacked jurisdiction over this matter.

■■ Defendant argues that a purported settlement of the Workmen's Compensation claim without the approval of the Industrial Commission is not a determination under section 8(e) of the Workmen's Compensation Act and that therefore the death of the injured employee before completion of the unapproved settlement would abate the claim. It is not disputed that the settlement was not a determination under section 8(e) of the Act. What defendant does not note is that the whole purpose of the Workmen's Compensation Act is to benefit the employee. Innumerable cases can be cited in support of the proposition that the purpose of the Act is to protect the employee and his dependents. (See *Colclasure v. Industrial Commission*, 14 Ill.2d 455, 153 N.E.2d 33; *Meyer v. Buckman*, 7 Ill.App.2d 385, 129 N.E.2d 603; *Henson Robinson Co. v. Industrial Commission*, 386 Ill. 232, 53 N.E.2d 881; *Baker and Conrad, Inc. v. Chicago Heights Construction Co.*, 364 Ill. 386, 4 N.E.2d 953;

*Martin v. Kralis, Poultry Co.* 12 Ill.App.3d 453, 297 N.E.2d 610; *Board of Education v. Industrial Commission,* 53 Ill.2d 167, 290 N.E.2d 247.) What we have in the present case is an attempt by an employer to avoid the provisions of the Act by negotiating an unapproved settlement with the employee and then upon the death of the employee to avoid its responsibility entirely.

It may also be noted that section 23 prohibits the employee's representative or beneficiary from waiving any provision of the Act regarding the amount of compensation but there is no prohibition as to the employer waiving any rights it may have under the Act. Such an express prohibition as to the employee and the lack of any such prohibition as to the employer is indicative of the purpose of the Workmen's Compensation Act.

■■ It is our conclusion that appellant's claim that the agreement was absolutely void is without merit and that at best the agreement would be voidable at the option of the employee. It seems that the affidavits and documents show that at the time of the issuance of the draft that approval of the Industrial Commission was not contemplated by the parties and resort to the procedure of the Act was not contemplated or a condition of appellant's obligation.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

SCOTT, P. J., and DIXON, J., concur.