ANNA AHLERS, an Incompetent, by Arthur Ahlers, her Conservator and Husband, Plaintiff-Appellee, *v.* SEARS, ROEBUCK AND COMPANY, Defendant-Appellant.

First District (1st Division)   Nos. 76-1483, 76-1484 cons.

Opinion filed October 31, 1977.—Rehearing denied November 30, 1977.

Rooks, Pitts, Fullagar and Poust, of Chicago (Douglas F. Stevenson, Phillip B. Allen, and William N. Krucks, of counsel), for appellant.

Roger J. Boylan, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The circuit court entered two judgments in favor of Anna Ahlers, an incompetent, suing by Arthur Ahlers, her conservator (plaintiff), and against Sears, Roebuck and Company (defendant), arising out of proceedings before the Industrial Commission of Illinois which had resulted in approval of a settlement contract. Defendant has appealed.

The factual basis of this appeal is readily stated. Plaintiff's ward was seriously injured while employed by defendant. It is agreed that the injuries resulted in permanent total disability and arose out of and in the course of employment. An application for compensation was filed with the commission. A written settlement contract between the parties was approved by the commission on June 4, 1971. Defendant agreed to pay weekly benefits and an annual pension.

The only portion of the settlement agreement at issue here pertained to care and management of the disabled person from and after July 1, 1970. The contract as approved recited that a dispute had arisen concerning the obligation of defendant to provide nursing home care. In lieu of such care, the conservator had rented larger quarters and engaged a practical nurse to live with the ward. The agreement further provided:

"3. In the interest of resolving the dispute as to the extent of the obligation of respondent to provide nursing home care, respondent

agrees to pay the sum of $725.00 a month beginning with July 1, 1970 to reimburse the conservator for the nursing home or its equivalent costs borne by him, which said monthly payment shall continue until nursing care and attention is no longer required or until it is determined by the Commission that it is in the best interests of petitioner that other or different nursing care is required by petitioner."

The agreement also provided, concerning payment of necessary medical and hospital services due to the injury, that, "[i]n the event the parties cannot agree whether any item is reimbursable, that controversy may be submitted to the Commission for resolution."

On March 14, 1974, defendant filed a petition to reopen the case before the commission. Defendant sought to terminate its responsibility for "nursing care and attention * * *" on the ground that this was "no longer required * * *" in accordance with the settlement agreement. On January 6, 1976, after due consideration of the petition, the commission denied it. Defendant took no proceedings for review before the commission.

The payments provided in the settlement agreement were made by defendant until April 1, 1975. Further payment was then terminated. On June 3, 1976, plaintiff filed suit in the circuit court seeking a judgment for monthly payments as provided in the settlement contract which had become due after April 1, 1975, and attorney's fees. (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(g).) On June 25, 1976, the trial court entered judgment in favor of plaintiff for $10,150, evidencing installments of $725 per month from April 1, 1975, up to June 1, 1976. There was a subsequent judgment for attorney's fees of $2000.

On August 12, 1976, plaintiff filed a second similar suit in the circuit court. On September 1, 1976, judgment was entered in favor of plaintiff for $1450, representing payments under the settlement agreement for June and July of 1976, and attorney's fees of $290. Appeals from these two judgments have been consolidated in this court.

In this court, defendant contends that the trial court was without jurisdiction to enter judgment on the settlement contract which did not form a proper legal basis for the entry of judgment under section 19(g); the alleged breach of the settlement contract by defendant did not constitute a refusal to pay compensation under the pertinent statute and plaintiff's sole remedies were contractual which were not properly before the trial court. Plaintiff asserts that the Industrial Commission had exclusive power to litigate all disputes arising under the Workmen's Compensation Act; the awards and decisions of the commission have the same finality as judgments of a court; defendant was not able to review

the action of the commission in approving the award; a settlement contract approved by the commission has the legal status of an award; and the distinction must be made between the term compensation and the payment of compensation.

■■ The role of the circuit court in workmen's compensation cases is defined and limited by the special "powers that are conferred by the statute." (*Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 262, 326 N.E.2d 744; *Gunnels v. Industrial Com.* (1964), 30 Ill. 2d 181, 185, 195 N.E.2d 609.) In the case before us, both complaints were filed pursuant to section 19(g) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(g)) which provides:

"(g) Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall render a judgment in accordance therewith. * * * The Circuit Court shall have power at any time upon application to make any such judgment conform to any modification required by any subsequent decision of the Supreme Court upon appeal, or as the result of any subsequent proceedings for review, as provided in this Act."

Defendant contends that section 19(g) does not authorize judgment on a settlement contract which is neither an "award of the Arbitrator * * *" or a "decision of the Commission * * *" under that section. This argument, overlooks the most pertinent fact of commission approval of the settlement contract. The Act recognizes that the parties may enter into settlement agreements (see, *e.g.*, Ill. Rev. Stat. 1975, ch. 48, par. 138.19(h)) and it empowers the commission to approve a compromise or settlement of an employee's right to compensation. (Ill. Rev. Stat. 1975, ch. 48, par. 138.23; see *Taylor v. Hartford Fire Insurance Co.* (1974), 22 Ill. App. 3d 164, 167, 319 N.E.2d 303.) The settlement contract before us was an approved compromise of defendant's statutory duty to "pay for such maintenance or institutional care as shall be required" if the employee cannot be self-sufficient "as a result of the injury * * *." (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(a).) It cannot be disputed that an act of the commission within its statutory powers is a "decision of the Commission * * *" under section 19(g).

■■ A settlement contract approved by the commission "is, in legal effect, an award" for purposes of determining a deduction for a previous

injury from an award for a later injury (*Harrison Sheet Steel Co. v. Industrial Com.* (1950), 404 Ill. 557, 565, 90 N.E.2d 220); in fixing the jurisdiction of the commission to review the settlement (*Michelson v. Industrial Com.* (1941), 375 Ill. 462, 468, 31 N.E.2d 940); in denying the availability of collateral attack on the agreement when no direct review had been sought (*Dyer v. Industrial Com.* (1936), 364 Ill. 161, 163, 4 N.E.2d 82) and in deciding whether a right to compensation was extinguished by an employee's death (*Hartford Accident & Indemnity Co. v. Industrial Com.* (1926), 320 Ill. 544, 151 N.E. 495). In our opinion, this general rule that a settlement agreement approved by the commission is in legal effect an award applies in the case before us. Defendant relies upon the factual differences in the foregoing decisions. These factual variations do not alter our conclusion.

Further, to construe section 19(g) as excluding settlement contracts approved by the commission would be contrary to the policy that settlement agreements "are fostered and encouraged by the courts * * *." *Hartford Accident & Indemnity Co.*, 320 Ill. 544, 546; see generally *Blaylock v. Toledo, Peoria & Western R.R. Co.* (1976), 43 Ill. App. 3d 35, 37, 356 N.E.2d 639.

Defendant asserts more specifically that the plaintiff's rights are contractual rather than being rights under section 19(g). Defendant depends upon two contingencies expressed in the settlement contract which could extinguish defendant's liability for nursing care: (1) either party could unilaterally determine the payments were no longer necessary and then could discontinue payment or acceptance of payment and (2) either party could petition the commission to change "the mode of such benefits * * *." We cannot agree.

■■ Section 19(g) unambiguously vests in the circuit court the "power at any time upon application to make any such judgment conform to any modification required by any subsequent decision of the Supreme Court upon appeal, or as the result of any subsequent proceedings for review, as provided in this Act." (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(g).) Therefore, the fact that an award or decision is subject to later modification by these methods does not alter the availability of judgment under section 19(g).

We note also that awards for compensation in cases of complete disability under section 8(f) of the Act are not excepted from the coverage of section 19(g) even though section 8(f) provides: "If any employee who receives an award under this paragraph afterwards returns to work or is able to do so, and earns or is able to earn as much as before the accident, payments under such award shall cease." Ill. Rev. Stat. 1975, ch. 48, par. 138.8(f).

■■ If defendant's argument were to be accepted, it would follow that upon an employer's refusal to make monthly payments, the employee would be required to petition the commission for an award determining the arrearage prior to seeking judgment under section 19(g). This would be a cumbersome and useless procedure. This result is inconsistent with other provisions of the Act. Section 19(h), in cases involving installment payments of compensation, provides for review of an agreement or award by the commission "* * * at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended." (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(h); see *Zimmerly Construction Co. v. Industrial Com.* (1972), 50 Ill. 2d 342, 278 N.E.2d 789.) In seeking termination or diminution of payments under this section, the burden is on the employer to petition the commission and to prove decreased disability. (*Scranton & Big Muddy Coal & Mining Co. v. Industrial Com.* (1925), 315 Ill. 428, 430, 146 N.E. 442; see *Franklin County Mining Co. v. Industrial Com.* (1926), 323 Ill. 98, 102, 153 N.E. 635.) This negatives completely the contention that an employee should be required to prove before the commission that conditions have not changed prior to seeking judgment upon a decision of the commission.

■■ Defendant urges that refusal to make payments for home nursing care is not a failure to pay "compensation" within the meaning of section 19(g). This interpretation is contrary to the purposes of section 19(g), other portions of the Act and decisions of the supreme court.

Section 19(g) was designed "to permit speedy judgment * * *" when an employer has failed to pay in accordance with an arbitrator's award or a decision of the commission and when there is a need to compel payment by reduction of the decision to judgment. (*Franklin v. Wellco Co.* (1972), 5 Ill. App. 3d 731, 734, 283 N.E.2d 913, *cert. denied* (1973), 411 U.S. 932, 36 L. Ed. 2d 392, 93 S. Ct. 1901.) This remedy supports a basic purpose of the Workmen's Compensation Act "to furnish financial protection to employees and their dependents by insuring both weekly payments during periods of disability and proper medical attention." *Colclasure v. Industrial Com.* (1958), 14 Ill. 2d 455, 458, 153 N.E.2d 33.

As we have observed, the agreement before us settled the defendant's statutory duty to provide maintenance or institutional care to an injured employee who was no longer self-sufficient. (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(a).) It would be manifestly contrary to the purposes of the Act and to orderly procedure to extend section 19(g) relief to compel payment of one portion of an employer's statutory duty but to deny such remedy arbitrarily when an employer has refused to furnish another type of compensation. The need for medical, surgical, hospital and

institutional care arises from the same injury as the need for payments to compensate a worker for the termination or diminution of his wage-earning ability. A differentiation is neither appropriate nor acceptable. In *Gerish v. Feldman* (1943), 381 Ill. 635, 46 N.E.2d 65, the supreme court accepted without comment the availability of a judgment under section 19(g) when an employer had defaulted on an award for medical and surgical services authorized under the forerunner to section 8(a) of the current Act (Ill. Rev. Stat. 1941, ch. 48, par. 145(a)).

Defendant further urges that under section 8(a), payments for home nursing care are excepted from "compensation" under the Act and are thus not subject to section 19(g) judgment. This argument is not persuasive.

Section 8 initially provides: "The amount of compensation which shall be paid to the employee for an accidental injury not resulting in death is: * * *." (Ill. Rev. Stat. 1975, ch. 48, par. 138.8.) Subsection (a) then states, in pertinent part (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(a)):

"Medical, surgical and hospital services—Physical, mental and vocational rehabilitation—Artificial members or appliances

(a) * * * If as a result of the injury the employee is unable to be self-sufficient the employer shall further pay for such maintenance or institutional care as shall be required.

* * *

The furnishing by the employer of any such services or appliances is not an admission of liability on the part of the employer to pay compensation.

The furnishing of any such services or appliances or the servicing thereof by the employer is not the payment of compensation."

Defendant argues that the last quoted section of the statute eliminates nursing care payments as "compensation" under the Act. To accept this position would be to overlook the plain language which precedes the portion of subsection (a) quoted above and the subsequent provisions of section 8 as "[t]he amount of compensation which shall be paid to the employee * * *." (Ill. Rev. Stat. 1975, ch. 48, par. 138.8.) We will not construe the Act as containing such contradictory meanings of the word "compensation." *Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158, 165, 287 N.E.2d 701.

In our view, the first of these two provisions, the legislature has used "compensation" generally to cover all payments and services designed to remedy the effects of an injury as prescribed in section 8 in its entirety. (Ill. Rev. Stat. 1975, ch. 48, par. 138.8. See T. Angerstein, Illinois Workmen's Compensation §1474, at 225 (rev. ed. 1952) where section 8(a) services are classified as "a compensation liability" of the employer.)

Since 1925 the legislature has excluded the furnishing of services under section 8(a) as a "payment of compensation" for a legislative purpose which does not affect the availability of section 19(g) in the instant case. Prior to 1925, the Act provided in part for a limitation period for filing compensation claims which extended six months beyond the last payment of compensation. (Ill. Rev. Stat. 1923, ch. 48, par. 161.) Illinois courts had construed the furnishing of services under section 8(a) as payment of compensation for limitation purposes. See *Goodman Manufacturing Co. v. Industrial Com.* (1925), 316 Ill. 394, 396, 147 N.E. 394 and cases there cited.

In 1925, by amendment to section 8(a), the legislature added the provision that furnishing of "any such services or appliances by the employer shall not be construed as the payment of compensation." (1925 Ill. Laws 378, 383.) The legislative intent underlying this amendment was declared in *Madsen v. Industrial Com.* (1943), 383 Ill. 590, 595-96, 50 N.E.2d 707, where the court construed section 8(a) as amended:

"The manifest object of the amendments to section 8 was to aid injured employees by encouraging their employers to furnish medical care promptly and to make compensation payments promptly by assuring the employers that neither the care rendered nor the compensation paid would subsequently be deemed admissions of liability if the compensability of the injuries was questioned. It follows necessarily that the payments of compensation by defendant in error to plaintiff in error do not constitute an admission of liability to pay compensation. Nor does the furnishing of medical care constitute either an admission of liability or a payment of compensation."

The 1925 amendment, as construed in *Madsen*, has been reenacted in subsequent acts amending section 8. (See, *e.g.*, Pub. Act 79—773, 1975 Ill. Laws 2358, 2358-59; Pub. Act 79—1356, 1976 Ill. Laws 693, 699-700.) According to the controlling principle of statutory construction, "The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions, and not as a new enactment." (Ill. Rev. Stat. 1975, ch. 131, par. 2.) The reenactment of section 8(a) as previously construed must be held to be an adoption by the legislature of the prior construction, absent a clearly contrary intent. (See *Gaither v. Lager* (1954), 2 Ill. 2d 293, 301, 118 N.E.2d 4.) Under the foregoing authorities, we adhere to the construction of the last sentence of section 8(a) that the provision relates to the duration of the limitation period for filing an application for adjustment of a compensation claim. (See Ill. Rev. Stat. 1975, ch. 48, par. 138.6(c)(2).) Our examination of the Act and relevant decisions convinces us that no

additional legislative intent exists that an employee lose section 19(g) protection when an employer has defaulted in furnishing the services required by section 8(a).

■■ We further note that in the concluding sentence of subsection 8(a), the legislature has used "compensation" specifically to describe payments necessary to compensate for lost earning power according to the prescribed schedules and rates found in the balance of section 8. This language in subsection (a) demonstrates the legislative intent that an employer's obligation for medical services is distinct from his liability for payments to compensate for lost earning power under subsections 8(b) through 8(f). (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(b) through par. 138.8(f).) Thus, payments in the former category may not be credited by the employer as payments of the latter form of compensation.

The foregoing interpretation of the Act is consistent with supreme court decisions construing "compensation" as used in various sections of the Act in favor of payment of benefits to the employee or his heirs. See *Colclasure*, 14 Ill. 2d 455, 458; *Donk Bros. Coal & Coke Co. v. Industrial Com.* (1927), 325 Ill. 193, 198, 156 N.E. 344, and cases there cited.

Since we have held that plaintiff was entitled to section 19(g) relief, we reject defendant's argument that plaintiff's sole remedies are contractual remedies for breach. In view of the foregoing disposition of this appeal, we need not consider the legal effect of the commission's denial of defendant's petition for termination of the payments on January 6, 1976. We note further that defendant has not challenged the trial court's award of attorney's fees.

Finally, defendant has filed a motion to dismiss this appeal and reverse the judgments, supported by an affidavit and exhibits. The motion shows that during the pendency of the appeal the identical issues in this case were placed before the Industrial Commission in further proceedings before that body. Plaintiff has filed objections to this motion. Defendant has filed a reply to plaintiff's objections. After oral argument, defendant filed an additional motion, notifying this court that a "Notice of Setting for Oral Argument" had been issued by the Industrial Commission and again stating that the issues pending before the commission were identical to those before this court on appeal. Plaintiff filed objections to the motion. The issues claimed to be currently before the commission include defendant's obligations under the settlement agreement and the plaintiff's continuing need for nursing care.

The sole issue in the appeal before us is whether under section 19(g) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(g)), plaintiff properly obtained judgment on the settlement agreement as approved by the commission. Neither the construction of the agreement nor the plaintiff's need for nursing care is before us. The

motions to dismiss are accordingly denied. We note that section 19(g) authorizes defendant to seek "any modification [of the judgment below] required * * * as the result of any subsequent proceedings for review * * *." (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(g).) The validity and scope of the proceedings currently before the commission are not involved in this appeal and we express no opinion in this regard.

Both of the judgments appealed from are therefore affirmed.

Judgments affirmed.

McGLOON and O'CONNOR, JJ., concur.