VULCAN MATERIALS COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Patrick Dunne, Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—05—0429WC

Opinion filed December 21, 2005.

Joshua D. Luskin and Christopher J. Gibbons, both of Nyhan, Pfister, Bambrick, Kinzie & Lowry, P.C., of Chicago, for appellant.

Richard D. Hannigan, of Richard D. Hannigan, Ltd., of Mundelein, for appellee.

JUSTICE CALLUM delivered the opinion of the court:

## I. INTRODUCTION

Employer, Vulcan Materials Company, challenges a decision of the Industrial Commission,[1] confirmed by the trial court, that it must pay claimant, Patrick Dunne, interest on his award of medical expenses. Employer argues that a medical expenses award is not "compensation" for the purpose of awarding interest pursuant to section 19(n) of the Workers' Compensation Act (Act) (820 ILCS 305/19(n) (West 2002)). We affirm.

## II. BACKGROUND

Claimant filed an application for adjustment of claim under the Act. An arbitrator awarded claimant $8\frac{2}{7}$ weeks of temporary total disability (TTD) benefits, amounting to $6,753.52; $25,506.90 in medical expenses; and $43,989 in permanent partial disability (PPD) benefits, representing a finding that claimant was permanently disabled to the extent of 20% of a person. On August 20, 2003, the Commission affirmed and adopted the arbitrator's decision.

On September 30, 2003, employer paid claimant $76,748.64. This represented the TTD, PPD, and medical expenses awards and interest on the TTD and PPD awards. Upon receiving the payment, claimant's counsel wrote employer and asserted that interest also was due on the medical expenses award. Applying the tendered amount first to the accumulated interest, counsel demanded an additional $294.84 plus interest on that amount. Relying on *Kuhl v. Industrial Comm'n*, 147

---

[1]Now known as the Illinois Workers' Compensation Commission. See Pub. Act 93—721, eff. January 1, 2005.

Ill. App. 3d 519 (1986), employer responded that the Act did not require interest on the medical expenses award.

On December 1, 2003, claimant petitioned for attorney fees and penalties pursuant to sections 16 and 19(k) of the Act (820 ILCS 305/16, 19(k) (West 2002)). The Commission found that *Kuhl* was no longer valid after *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499 (1998), which held that medical benefits are "compensation," and therefore ruled that claimant was entitled to interest on his medical expenses award. The Commission found, however, that employer's reliance on *Kuhn* was not unreasonable or vexatious so as to justify attorney fees and penalties. On judicial review, the trial court confirmed the Commission's decision. Employer timely appealed.

## III. DISCUSSION

On appeal, employer argues that section 19(n) of the Act, which governs interest on arbitration awards, does not apply to an award of medical expenses. It is employer's position that a medical expenses award is not "compensation" under section 19(n), which provides:

> "After June 30, 1984, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission shall draw interest at a rate equal to the yield on indebtedness issued by the United States Government with a 26-week maturity next previously auctioned on the day on which the decision is filed. *** Interest shall be drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments. ***

> The employer or his insurance carrier may tender the payments due under the award to stop the further accrual of interest on such award notwithstanding the prosecution by either party of review, certiorari, appeal to the Supreme Court or other steps to reverse, vacate or modify the award." 820 ILCS 305/19(n) (West 2002).

Section 8 of the Act sets forth the amount of compensation payable to an injured employee and states in pertinent part:

> "The amount of compensation which shall be paid to the employee for an accidental injury not resulting in death is:

> (a) The employer shall provide and pay for all the necessary first aid, medical and surgical services, and all necessary medical, surgical and hospital services thereafter incurred, limited, however, to that which is reasonably required to cure or relieve from the effects of the accidental injury. ***

> * * *

> The furnishing of any such services or appliances or the servicing thereof by the employer is not the payment of compensation." 820 ILCS 305/8 (West 2002).

Subsection (b) of section 8 establishes the amount of TTD, and subsections (c), (d), (e), and (f) establish the amount of permanent partial disability. 820 ILCS 305/8(b), (c), (d), (e), (f) (West 2002).

The leading decision addressing interest on medical expenses awards is *Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.*, 93 Ill. App. 3d 19 (1981). There, relying on the provision in section 8(a) that "the furnishing of any such services *** is not the payment of compensation," the court held that medical expenses are not "compensation" subject to interest under section 19(n). *Folks*, 93 Ill. App. 3d at 21-22. The court distinguished *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259 (1978), which held that claimants may recover medical expenses pursuant to section 19(g) of the Act, which provides for actions in the circuit court to recover "compensation." *Folks*, 93 Ill. App. 3d at 22. According to the *Folks* court, "compensation" as used in the Act was a term of art, and *Ahlers* did not deal with interest under section 19(n). *Folks*, 93 Ill. App. 3d at 22. *Kuhl* followed *Folks*. *Kuhl*, 147 Ill. App. 3d at 525; see also *Spinak, Levinson & Associates v. Industrial Comm'n*, 209 Ill. App. 3d 120, 125-26 (1990); *Aper v. National Union Electric Corp.*, 165 Ill. App. 3d 482, 484 (1988).

The Commission found that *McMahan* in effect overruled *Folks* and *Kuhl*. *McMahan* addressed whether a delay in paying medical expenses can be the basis for awarding attorney fees and penalties pursuant to sections 16 and 19(k) of the Act, both of which refer to an unreasonable or vexatious delay in paying "compensation" (820 ILCS 305/16, 19(k) (West 2002)). The employer relied on *Childress v. Industrial Comm'n*, 93 Ill. 2d 144, 151 (1982), which held that attorney fees are not available for an unreasonable or vexatious delay in paying medical expenses. *McMahan* overruled *Childress* and reasoned as follows:

> "Although [section 19(k)] does refer to 'compensation,' we believe that the legislature intended to use that term in the same way it did in section 8 of the Act. Under section 8, the amount of 'compensation' an injured employee is entitled to receive for an accidental injury not resulting in death is expressly defined to include not only compensation for lost wages [citation], but also payment for medical services [citation]." *McMahan*, 183 Ill. 2d at 512.

The *McMahan* court drew support from *Ahlers* and reasoned that, if "compensation" includes the payment of medical expenses for purposes of section 19(g), it also should include payments for medical expenses under section 19(k). *McMahan*, 183 Ill. 2d at 513. The basis for this reasoning was that, under basic principles of statutory construction, where the same words appear in different parts of the same statute, they should be given the same meaning unless something

in the context indicates that the legislature intended otherwise. *McMahan*, 183 Ill. 2d at 513. The court reasoned further that an employer's refusal to pay an injured employee's medical expenses is as contrary to the purposes of the Act as is an employer's refusal to compensate the employee for lost earnings. *McMahan*, 183 Ill. 2d at 514.

Although *McMahan* did not involve section 19(n) interest, it made a sweeping statement that the payment of medical expenses should be considered "compensation" under the Act. The question that remains is whether *Folks*'s reliance on the last paragraph of section 8(a), providing that the furnishing of medical services is not the payment of compensation, remains valid after *McMahan*. Another decision upon which the Commission relied here was *Legris v. Industrial Comm'n*, 323 Ill. App. 3d 789, 792 (2001), which held that the payment of medical expenses amounted to "compensation" under section 6(d) of the Act and that the claimant's application for adjustment of claim was timely when filed within two years of the date of the last payment of medical expenses. In *Legris*, this court stated that it "need not decide what the last paragraph of section 8(a) means. *** Section 8(a) has been construed as including medical expenses within the term 'compensation.' *McMahan*, 183 Ill. 2d at 512 ***." *Legris*, 323 Ill. App. 3d at 792.

Thus, *Legris* confirms that medical expenses generally should be viewed as "compensation." This reasoning is consistent with the appellate court decision in *Ahlers*. The employer in *Ahlers* argued that the last paragraph of section 8(a) eliminated nursing care expenses as compensation. The court stated that to accept this contention would overlook the plain language of section 8, which includes medical expenses as " '[t]he amount of compensation which shall be paid to the employee.' " *Ahlers v. Sears, Roebuck & Co.*, 54 Ill. App. 3d 638, 644 (1977), quoting Ill. Rev. Stat. 1975, ch. 48, par. 138.8(a), *aff'd*, 73 Ill. 2d 259 (1978). It explained that the purpose of the last paragraph of section 8(a) was to encourage employers to furnish medical care promptly by assuring them that the care rendered will not be deemed an admission of liability if the compensability of the injuries is subsequently questioned. *Ahlers*, 54 Ill. App. 3d at 645. The court saw no legislative intent that an employee lose section 19(g) protection when an employer has defaulted in furnishing the services required by section 8(a). *Ahlers*, 54 Ill. App. 3d at 645-46.

Employer argues that the Commission's decision results in a windfall to claimant because he is in effect collecting interest on a debt owed to a third party. Awarding interest on a medical expenses award will not necessarily result in a windfall to the claimant, however. If the claimant has paid the medical bills himself or herself, then there

is no windfall. If the medical bills remain due when the award is entered, the claimant may remain responsible for late fees, finance charges, collection fees, or interest that the provider has assessed. Because of these considerations, there is little support for creating an exception in section 19(n) for medical expenses. Where a statute is clear and unambiguous, the court is not free to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. *First Chicago v. Industrial Comm'n*, 294 Ill. App. 3d 685, 688 (1998). The supreme court has ruled that section 8 expressly refers to medical expenses as "compensation." Section 19(n) contains no language that could be read as creating an exception for medical expenses.

Finally, employer calls to our attention section 8.2 of the Act, which the legislature added in July 2005. Section 8.2(d) provides that, when a patient notifies a provider that the medical treatment is for a work-related illness or injury, the provider shall bill the employer directly. If the employer does not pay the provider within 60 days, then the balance shall accrue interest, payable to the provider at a rate of 1% per month. Pub. Act 94—277, § 10, eff. July 20, 2005. Employer argues that this new provision reveals a legislative intent that interest on medical costs should not accrue to claimants.

Employer's argument is not persuasive. Sections 8.2(d) and 19(n) address different situations. Section 8.2(d) addresses interest on the payment of largely undisputed medical expenses that arise during the course of a claimant's treatment, while section 19(n) addresses interest on arbitration awards in cases where, as here, the employer has disputed its liability. Section 8.2(d) compensates a provider for an employer's delay paying undisputed medical bills, while section 19(n) compensates a claimant for a delay in receiving payment of an arbitration award. As the above discussion revealed, allowing interest on an award of medical expenses does not necessarily result in a windfall to claimants. Therefore, section 8.2(d) does not in any way reflect the legislative intent underlying section 19(n).

## IV. CONCLUSION

The Commission correctly found that claimant was entitled to section 19(n) interest on his medical expenses award. Accordingly, the judgment of the circuit court of Cook County, confirming the Commission's decision, is affirmed.

Affirmed.

McCULLOUGH, P.J., and HOFFMAN, HOLDRIDGE, and GOLDENHERSH, JJ., concur.