(No. 2216—

GEORGE HERBERT ANKER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1935.*

*Rehearing denied September 13, 1939.*

Doyle, Sampson & Griffin, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This case comes to the court on a stipulation of facts.

The declaration was filed on July 14, 1933, and avers that George Herbert Anker, on and prior to the 29th day of May, 1931, was employed as a Junior Engineer in the Division of Highways of the Department of Public Works and Buildings of the State of Illinois; that on that date he was performing his usual and customary duties as such Junior Engineer in and about the construction of a hard road designated as Route No. 48 at a place between Welden and Farmer City in the State of Illinois, and while so engaged he stepped upon a finishing machine and received an accidental injury by the breaking of a bone in the arch of his right foot; that the State had notice of the injury and provided certain medical and hospital services and paid therefor the sum of One Hundred Three and 50/100ths Dollars ($103.50); that the treatment furnished did not effect a permanent cure, and that the claimant has since that time continuously suffered therefrom; that the bones of his foot slip out of place whenever pressure is placed on the foot and that he has been compelled to undergo continuous treatment for the injury since being discharged by the physician furnished and provided by the State; that he is still undergoing such treatment; that as the result of this injury he became liable for a doctor bill in excess of the sum of Two Hundred Fourteen and no/100ths Dollars ($214.00), and that claimant has suffered a fifteen (15%) per cent permanent loss of the use of the right foot; that for the year

immediately preceding the injury his average monthly salary was the sum of One Hundred Fifty and no/100ths ($150.00) Dollars per month, and that for the fifteen (15) per cent permanent loss of the use of said foot, he is entitled to the further sum of Four Hundred Twenty-seven and 50/100ths ($427.50) Dollars.

The Attorney General has made a motion to dismiss, for two reasons: First, that it appears that no claim or demand was made upon the respondent within six months after the date of the accident, and second, for the reason that an application for compensation or complaint herein was not filed within one year after the date of injury or within one year after the date of the last payment made by the respondent to the claimant of any temporary total compensation payable under the Act.

It is conceded that the injury arose out of and during the course of the employment of the claimant.

It appears from the stipulation that the attending physician furnished and provided by the State of Illinois pronounced the claimant permanently cured. It is further stipulated that on September 3, 1931, at the request of agents for the State of Illinois, the claimant executed a release under the mistaken belief that he was permanently cured. It is further stipulated that claimant has taken osteopathic treatments at least once each week from August 1, 1931, at a cost of Two Dollars ($2.00) each, and in support of his contention he attached an affidavit of C. A. Wendel. It further appears in the stipulation that claimant received One Hundred Fifty and no/100ths Dollars ($150.00) per month continuously up to February 1, 1933, when he discontinued his employment with the State of Illinois.

From this stipulation we assume that the claimant was paid his usual and customary salary from the time of his injury on the 29th day of May, 1931, up to February 1, 1933.

The statute provides that this Court must hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by an employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the "Workmen's Compensation Act."

The claimant contends that the five-year statute provided in the Court of Claims Act governs this case. The Attorney

General contends that Section 24 of the Workmen's Compensation Act governs, and this Court has held that the special provision of the Compensation Act, which is Section 24 thereof, and which provides that a claim or demand must be made within six months after the date of the accident, and application for compensation must be made within one year after the date of injury or one year after the date of last payment made by respondent for the claim of any total temporary disability under the Act.

We have repeatedly held that this Court has no greater jurisdiction in compensation cases where State employees are injured than the Industrial Commission of the State of Illinois has in cases before it.

Statutes of limitation relate to the remedy and not the right. They are statutes of repose, designed to accelerate the settlement of controversies, and are, therefore, favored.

*Chicago Board of Underwriters* vs. *Ind. Com.* 332 Ill. 611.

In controversies before this Court between an employee and the State every reason exists to facilitate and expedite the settlement of a claim by imposing limitations that are present in a suit before the Industrial Commission between individuals. No good reason appears why the statute of limitations under the Compensation Act should not be enforced against an employee of this State just simply because he is an employee of this State.

Section 24 of the Compensation Act, as subsequently amended, provides that when no proceeding for compensation has been made within six months after the accident, and when no application for compensation is filed within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file such application shall be barred.

In the case of the *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386, the Court held that unless such claim has been made within the time fixed by the statute, the Industrial Commission would have no jurisdiction in the case.

It is claimed that the State paid for medical services as of September 10, 1932, and, therefore, paid compensation within one year from the time the claim was made, and each warrant was stamped on the face over the printed word "Appropriation" the following words: "Compensation for Injured Employees."

These warrants used for payments in such matters are in printed forms and cannot be used to deny the truth.

Prior to 1925, the furnishing of medical and hospital services was held to be a payment of compensation in the same manner and with the same effects as the payment of weekly or other compensation under Section 8. That presented a very unsatisfactory and unfair situation. The prompt furnishing of proper medical and hospital services was of great immediate importance both to the employee and to the employer, and yet the employer was placed in the position that if he provided such service and then it developed that there was no compensation liability, as for example that the condition was not due to accidental injury arising out of and in the course of employment, yet the furnishing of such service was a payment of compensation, and an admission of liability, it affected the matter of limitations as to making claim under Section 24, and was subject to review under Section 19 (h) as being conclusive of any and all questions of liability and left open for consideration only the question whether there had been a recurrence or increase of disability since the time of the payment for such services.

The statute now provides that the payment for medical and hospital services is not an admission of liability to pay compensation and not a payment for compensation.

We, therefore, hold that there has been no payment of compensation within the meaning of the statute in this case, and proper application was not filed within the time fixed by the statute, and this view is supported by *Chicago Board of Underwriters* vs. *Industrial Commission,* 329 Ill. 543, and *Arnold & Murdock Co.* vs. *Industrial Commission,* 312 Ill. 251, and other decisions.

We, therefore, sustain the Attorney General's motion to dismiss for want of jurisdiction and the claim is accordingly dismissed.