(No. 3234-3237, Consolidated—)

GREAT NORTHERN CHAIR CO., No. 3234 AND DENNIS BROS. CO., No. 3237, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 20, 1938.*

Claimants, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court.

Above cases involve similar states of fact, and the same principles of law, and are therefore combined for the purposes of this hearing.

On January 22d, 1938 the Great Northern Chair Co. paid to respondent the sum of Twenty-four ($24.00) Dollars as a license fee and tax for 1938 on its Dodge truck. On March 9th, 1938 this claimant sold said truck, and now asks for a refund of the pro rata share of the license fee and tax paid by it as aforesaid, for the unexpired portion of the license period.

Dennis Bros. Inc. paid the sum of Twelve Dollars ($12.00) as a license fee and tax for 1938 on its Ford truck. On March 12th, 1938 this claimant sold said truck, and now asks for a refund of the pro rata share of the license fee and tax paid by it as aforesaid, for the unexpired portion of the license period.

The Attorney General has entered a motion to dismiss, in each case, for the reason that this court has no authority to allow an award under the facts set forth in the complaint.

The general rule of law relative to the refunding of the unearned portion of a license fee, is set forth in 37 Corpus Juris, page 255, section 130, as follows:

"Where the fee or tax which has been paid was not illegal or unauthorized, it cannot be recovered back, irrespective of whether its payment was voluntary or involuntary, and although the method of its collection was irregular."

334

The identical question here involved has been considered by this court in a number of cases, and we have uniformly held that under the facts above set forth, claimants have no right to an award. *Dealers Transport Co.* vs. *State,* 8 C. C. R. 510; *Freeport Floral Co.* vs. *State,* 9 C. C. R. 149; *Phillips* vs. *State,* No. 3091, decided September Term, 1937; *Eaid* vs. *State,* No. 3157, decided January Term, 1938.

In the case of *Phillips* vs. *State,* No. 3091, we said:

"There is no provision of the Motor Vehicle Act, or any other Act, which authorized a return of a license fee under the facts set forth in the complaint. Had the legislature intended that licensees should be entitled to a return of the license fees paid by them, in the event of a sale of the licensed car, they would undoubtedly have made provision to that effect."

For the reasons above set forth the motion of the Attorney General in each case must be allowed.

Motion to dismiss allowed in each case and case dismissed.