(No. 3203—■

Harry Laurence, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 20, 1938.*

Philip S. Rosenthal, for claimant.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court.

On February 10th, 1938 claimant filed his complaint herein in which he alleges that prior to and on December 7th, 1936 he was in the employ of the respondent as a fireman and general maintenance man at the 122d Field Artillery Armory,

234 East Chicago Avenue, Chicago, Illinois; that on said date, while engaged in drawing out clinkers from the firebox, the firing iron bent, whereby the back portion of both of his hands came in contact with the hot clinkers piled on the platform outside the firebox; that he was given first-aid treatment and other medical treatment; that after said accident he continued to work for the respondent, but was placed on watch or guard duty, which did not necessitate the use of his hands; that he continued on such guard duty until June 9th, 1937 and was paid his regular monthly salary of $90.00 per month; that on the last mentioned date he was released on account of a reduction in personnel; that for a period of twenty-eight (28) weeks after June 9th, 1937 he was temporarily disabled from engaging in his usual and customary occupation; that during said last mentioned period, regular medical treatments were required and obtained on account of the condition of his hands;—and claimant, in said complaint, makes claim for compensation for temporary total disability for said period of 28 weeks.

The Attorney General filed a motion to dismiss, for the reason that the complaint fails to show that claim for compensation was made within six months after the accident, and for the further reason that application for compensation was not filed within one year after the date of the injury, as required by Section 24 of the Workmen's Compensation Act.

Thereafter claimant filed his amended complaint, in which he alleges that the respondent was notified of the accident immediately thereafter, and that a claim for compensation was made within six months after the accident.

Upon motion of the Attorney General, the motion to dismiss the original complaint was permitted to stand to the complaint as amended.

The amended complaint disposes of the objection that claim for compensation was not made within six months after the accident, but the objection that application for compensation was not filed within one year after the date of the injury or within one year after the date of the last payment of compensation remains to be considered.

Claimant contends that the rendering of medical services by the State for twenty-eight (28) weeks after June 9th, 1937, constituted a payment of compensation within the meaning of the Workmen's Compensation Act, and that therefore ap-

plication for compensation was filed within one year after the last payment of compensation.

In 1925 Paragraph (a) of Section 8 of the Workmen's Compensation Act was amended so as to provide that the furnishing by the employer of medical, surgical or hospital services shall not be construed to admit liability on the part of the employer to pay compensation, "and the furnishing of any such services or appliances by the employer shall not be construed as payment of compensation." Prior to such amendment our Supreme Court had held in a number of cases that the furnishing of medical, surgical or hospital services constituted the payment of compensation. However, such has not been the law since the amendment of 1925. *Lewis* vs. *Ind. Com.*, 357 Ill. 309-314.

In Angerstein's "The Employer and the Workmen's Compensation Act," page 481, Section 261, the author says:

"The furnishing of such services, not being a payment of compensation, should not in any way affect the period of time within which claim should be made or claim be filed."

Our Supreme Court has held in numerous cases that the making of application for compensation within one year after the date of the injury or the last payment of compensation is jurisdictional, and a condition precedent to the right to maintain an action under the Compensation Act. *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386; *Chicago Board of Underwriters* vs. *Ind. Com.*, 332 Ill. 511; *DuQuoin School District* vs. *Ind. Com.*, 329 Ill. 543; *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43; *Bushnell* vs. *Ind. Com.*, 276 Ill. 262.

Inasmuch as the claim was not filed within the time limited by the Compensation Act, the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.