PETER LOEW v. HAGERLE BROTHERS AND ANOTHER.
JULIUS A. SCHMAHL, RESPONDENT.[1]

June 28, 1946.

No. 34,240.

*Joseph P. O'Hara* and *Gallagher, Farrish & Sheran,* for relator.

*J. A. A. Burnquist,* Attorney General, and *Victor H. Gran,* Assistant Attorney General, for Julius A. Schmahl as Custodian of Special Compensation Fund.

*E. A. Linnee,* for employer and its insurer.

LORING, CHIEF JUSTICE.

This case comes here on certiorari from the industrial commission to review an order denying relator's petition that there be paid to him the sum of $2,500 from a special fund created by L. 1941, c. 384, Minn. St. 1941, § 176.13 (Mason St. 1941 Supp. § 4276), as amended by L. 1945, c. 106.

June 13, 1925, Peter Loew was injured in the course of his employment. He sustained disability from June 15, 1925, for which the industrial commission made an award for permanent total disability, upon which the employer and insurer paid $10,000 in com-

[1]Reported in 24 N. W. (2d) 278.

pensation in installments as required by law. These payments of compensation were completed November 1, 1939, but at all times the employer and insurer continued thereafter to furnish medical treatment and surgical supplies as well as $12 a week for nursing benefits.

By L. 1941, c. 384, the schedule of compensation for industrial injuries resulting in total permanent disability theretofore limited to $10,000 in any case was amended so as to provide for a fund to be known as the special compensation fund, of which the state treasurer was the custodian and from which totally disabled employes, then or thereafter "receiving, * * * compensation for permanent total disability," might be paid an additional sum of money not to exceed $2,500, in "the same manner and with the same limitations * * * at the rate of one-half of the wages they were receiving at the time of the injury which rendered them permanently totally disabled, * * *." The application of this fund to such employes was limited as follows:

"* * * all employees who are now receiving, or who may hereafter become entitled to receive, compensation for permanent total disability, * * * shall be paid from said fund * * *."

Loew's petition qualified him in every respect to continue to receive the $2,500 if the amendment was applicable to him. His compensation for loss of wages had ceased November 1, 1939, by the completion of the payment of $10,000 to him, so he was not at the time of the enactment of the 1941 amendment "now receiving, * * * compensation for permanent total disability" unless he was brought within the purview of the act by the payment at that time by the employer and insurer of the medical benefits and compensation for nursing. The industrial commission held that he was not within the reach of the statute. The correctness of such holding is the sole question for decision here.

It seems obvious to us that the word "compensation" as used in connection with the description of the employe's eligibility to participate in the $2,500 fund is used in the identical sense it is used in defining compensation for wages lost on account of the

accident for which the $10,000 compensation is paid. Since the statute provided $2,500 to be paid to the employe in the same manner and with the same limitations, except as to amounts, at the rate of one-half of the wages he was receiving at the time of the injury, it merely amounts to an enlargement of the $10,000 compensation to $12,500, the increase of $2,500 to be paid from the special fund. Furnishing medical care and nursing is a distinct obligation, separate and apart from compensation for loss of wages. Marshall v. Pletz, 317 U. S. 383, 63 S. Ct. 284, 87 L. ed. 348. Receipt thereof by the employe is not the receipt of compensation in the sense in which the term is used in the 1941 amendment here under consideration.

By its terms, the language of the statute does not permit a retroactive application of the fund to permanently and totally disabled employes who had, previous to its enactment, received the $10,000 compensation for lost wages. It applies only to those employes "who are now receiving, or who may hereafter become entitled to receive, compensation for permanent total disability, * * *." Whatever the legislature's reason for excluding those who had already received the $10,000, we cannot read into the act words that are not there and make it applicable to them. We cannot assume a legislative intent in plain contradiction of the words used by that branch of the government.

This conclusion is of course without prejudice to the rights of employes to continue to receive the medical benefits and nursing expenses awarded by the commission.

The decision of the commission is affirmed.