(No. 34764.—)

LORETTA COLCLASURE, Admr., Plaintiff in Error, *vs.* THE
INDUSTRIAL COMMISSION *et al.*—(JOHN MEYER *et al.*,
Defendants in Error.)

*Opinion filed September 18, 1958.*

NATHAN M. GOMBERG, of Chicago, for plaintiff in error.

SIDLEY, AUSTIN, BURGESS & SMITH, of Chicago, (JAMES
W. KISSEL, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the
court:

This is a workmen's compensation proceeding which
was originally instituted by Harvel Colclasure, employee,
against John Meyer, William Meyer, Edward Meyer, Jacob
Meyer, and George Aurema, doing business as Meyer
Brothers Scavenger Service, his employer, to recover an
award for injuries to his back allegedly received in the
course of his employment on October 17, 1955. A hearing
was had on July 16, 1956, before an arbitrator who found
for the employee upon the material issues and held that
he was entitled to receive $35 a week for 26% weeks of

temporary total disability, $35 per week for 40 additional weeks as compensation for 20 per cent loss of use of his right leg, and the sum of $783.25 for necessary first aid, medical, surgical, and hospital services which were not provided by the employer. Thereafter petitions for review, requests for oral argument, and notice of intent to furnish additional evidence before the Industrial Commission were filed by both parties, but during the pendency of the review the claimant was accidentally killed while working for a different employer. At a subsequent hearing the commission refused to allow the substitution of the employee's heirs as party petitioners and upon the employer's motion ordered the proceedings to abate. Letters of administration upon the employee's estate were then granted to his widow, Loretta Colclasure, who, in her representative capacity, thereafter prosecuted a writ of *certiorari* in the circuit court of Cook County where the decision of the commission was affirmed. Writ of error has now been granted to said administratrix by this court.

The sole question presented is whether proceedings commenced by an employee to recover a workmen's compensation award must abate *in toto* upon petitioner's death from independent causes prior to the time the Industrial Commission order is rendered. Any quest for a solution to this problem first requires an examination of the applicable provisions of the Workmen's Compensation Act. (Ill. Rev. Stat. 1955, chap. 48, pars. 138.1-138.28,) Section 8 of the act (Ill. Rev. Stat. 1955, chap. 48, par. 138.8,) provides that in case of nonfatal injury the employer shall furnish "the necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the accidental injury," and in addition thereto, provides that the employer may be required to compensate the injured employee both for temporary total incapacity and permanent

specific loss. Section 8(g), (Ill. Rev. Stat. 1955, chap. 48, par. 138.8(g),) states that where death later occurs as a result of such accidental injury, the employee's dependents may receive the difference between the sums already paid to the employee for the nonfatal accident and the death benefits payable under the provisions of the act. It is also provided in section 8(e)19, (Ill. Rev. Stat. 1955, chap. 48, par. 138.8(e)19,) that in cases where a specific loss award "has been determined" under the provisions of the act prior to the employee's death from other causes, the unpaid portion of such compensation must be paid to his surviving dependents. We have in several cases held that an award is not "determined" until a final order is rendered by the Industrial Commission. (*Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462; *Rodriguez* v. *Industrial Com.* 371 Ill. 590.) Finally, section 22, (Ill. Rev. Stat. 1955, chap. 48, par. 138.22,) states: "Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto, subject to the provisions of this Act relative to compensation for death received in the course of employment, and subject to the provisions of paragraph (e) of Section 8 of this Act relative to specific loss." It is of course admitted that death in the present case did not occur in the course of the particular employment and that no final order relative to specific loss had been entered by the Commission prior to the petitioner's death. Thus no sums were payable under sections 8(g) or 8(e) of the act. It remains to be determined whether all amounts sought by the administratrix, particularly the cost of necessary medical services, constitute "compensation" so as to be barred by the provisions of section 22.

The respondent employer has called our attention to *Neumann* v. *Industrial Com.* 396 Ill. 224, and insists that the holding therein is controlling upon the facts of the present proceeding. In that decision claim was filed by the employee for nonfatal injuries, and before his death an

arbitrator's decision was rendered which awarded him temporary incapacity benefits, specific loss compensation, and an amount for necessary medical expenses which he had incurred. The sole question raised by the parties when the case came before this court was whether the specific loss payments abated upon death, and since the claimant was killed prior to the date of the commission hearing, we held there had been no final determination of his claim so as to invoke the provisions of section 8(e)19 relative to further payment of a specific loss award. At no time did this court consider whether other awards were also barred under these circumstances, the present case being the first to raise the problem. Therefore, it is our opinion that the *Neumann* decision is not controlling here.

The Workmen's Compensation Act is designed to furnish financial protection to employees and their dependents by insuring both weekly payments during periods of disability and proper medical attention. (*Baker & Conrad, Inc.* v. *Chicago Heights Construction Co.* 364 Ill. 386; *Grasse* v. *Dealer's Transport Co.* 412 Ill. 179.) Although both result from conditions of employment and are usually considered together for purposes of administration, there remains a palpable difference in the objectives which they seek to accomplish. The payment of weekly benefits has as its primary purpose the replacement of lost earning power and is personal to the individual, whereas the required medical and hospital attention is designed to relieve not only the employee but also his family from the costs and burdens of such care. An employee's death terminates his earning power, and in its wisdom the legislature has provided that, except in enumerated instances, the claim for weekly compensation shall also end at such time. However, we do not believe that the legislature intended to cast the additional burden of hospital and medical bills, incurred as a result of employment under the act, upon the unfortunate family of the deceased employee.

In order to bar the administratrix's claim for hospital and medical service, it is necessary that such expense be considered as "compensation" within the meaning of section 22 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1955, chap. 48, par. 138.22.) Such an interpretation is refuted not only by prior decisions of this court but also by the provisions of the act itself. After providing for the medical, surgical, and hospital care of injured employees, section 8(a) goes on to state that "the furnishing of any such services * * * by the employer shall not be construed as the payment of compensation." This intent is further expressed in section 7(e) (Ill. Rev. Stat. 1955, chap. 48, par. 138.7(e),) where such services are specifically exempted from "compensation payments" which must be deducted from any death award, and the subrogation section (Ill. Rev. Stat. 1955, chap. 48, par. 138.5,) also recognizes this distinction by providing that the employer may recover from a negligent third party not only all amounts of compensation paid, but also all sums expended for medical needs. In the case of *Madsen* v. *Industrial Com.* 383 Illl. 590, 595, we pointed out that "the furnishing of medical care, prior to 1925, constituted a payment of compensation" but that "section 8(a), as amended, now provides that the furnishing of medical, surgical, and hospital services shall not be construed as an admission of liability or as the payment of compensation." In *Diamond T Motor Car Co.* v. *Industrial Com.* 378 Ill. 203, it was held that such is the case not only where the employer itself has furnished medical care, but also where it is required to reimburse the employee for the latter's expenditures. Like applications of our own and similar compensation laws are found in *Lewis* v. *Industrial Com.* 357 Ill. 309; *Anker* v. *State,* 11 Ill. Ct. Cl. 32; and *Lawrence* v. *State,* 10 Ill. Ct. Cl. 334; *Barber* v. *Estey Organ Co.* 100 Vt. 72, 135 Atl. 1, and *Loew* v. *Hagerle Bros.* 222 Minn. 258, 24 N.W.2d 278. In a situation somewhat similar to the one

at hand the Supreme Court of Arizona was asked to decide whether medical and hospital attention were "compensation" so as to be barred by the workmen's compensation provision that "compensation * * * shall not pass to another by operation of law." (*Paramount Pictures* v. *Industrial Com.* 56 Ariz. 217, 106 P.2d 1024.) After noting the basic difference between medical care and disability benefits, the court held that where a workman has depleted his own estate either by incurring a debt or by paying in advance for medical attention, his administrator could, after his death, recover such sums for the benefit of his estate.

Considering that our own statute expressly differentiates between medical services and disability benefits, it is our opinion that the term "compensation" as used in section 22 of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1955, chap. 48, par. 138.22) refers solely to the compensation embodied in the right to temporary and permanent disability benefits conferred by the act, and that it was not intended to bar or abate the claim or recovery of necessary hospital, surgical and medical expenses incurred or paid for by the deceased employee as the result of injuries arising out of and in the course of his employment. We thus conclude that the tribunals below erroneously abated the proceeding, and we reverse the judgment of the circuit court. Since there has been no hearing or determination by the commission of the material issues going to the employer's liability, the cause is remanded to the circuit court of Cook County with directions to further remand the cause to the commission to allow the substitution of the administratrix as the party petitioner and to proceed with the issue of the employer's liability for the hospital, surgical and medical expenses claimed.

*Reversed and remanded, with directions.*