STATE v. MICHAEL JAMES JESMER.

196 N. W. 2d 924.

April 14, 1972—No. 43309.

*William W. Essling,* for appellant.

*Warren Spannaus,* Attorney General, *Daniel A. Klas,* Corporation Counsel, *Pierre N. Regnier,* Chief Prosecuting Attorney, and *Robert C. Hoene,* Assistant Prosecuting Attorney, for respondent.

Considered by Knutson, C. J., and Otis, Rogosheske, and Todd, JJ.

PER CURIAM.

Appeal by defendant, Michael James Jesmer, from a conviction of failure to yield the right-of-way to an emergency vehicle contrary to Minn. St. 169.20, subd. 5.

At the arraignment, defendant orally agreed to waive his right to a jury trial. Prior to commencement of the trial, defendant reconsidered his decision and requested that the waiver be withdrawn. The trial court denied the request because actual notice of the proposed withdrawal had not been received until the day before the trial was scheduled. Defendant refused to take part in the ensuing trial and was subsequently convicted. Defendant contends that this denial of a jury trial was in contravention of Minn. St. 631.01. We agree and reverse.

Section 631.01 provides that a defendant in a criminal case has a right to a trial by jury. While this right can be waived under certain circumstances, "[S]uch waiver may be withdrawn by the defendant at any time before the commencement of the trial." The state asks that we construe this provision to allow withdrawal of the waiver only if the request is made within a reasonable time prior to trial.

In construing statutes, we have said that "where language is unambiguous, the clearly expressed intent must be given effect and there is no room for construction." Mankato Citizens Tel. Co. v. Commr. of Taxation, 275 Minn. 107, 112, 145 N. W. 2d 313, 317 (1966); Hickok v. Margolis, 221 Minn. 480, 485, 22 N. W. 2d 850, 852 (1946). We have consistently refused to assume a legislative intent in plain contradiction to words used by the legislature. Skjefstad v. Red Wing Potteries, Inc. 240 Minn. 38, 43, 60 N. W. 2d 1, 4 (1953); Loew v. Hagerle Brothers, 222 Minn. 258, 260, 24 N. W. 2d 278, 279 (1946). The statute clearly states that a valid waiver may be withdrawn "at any time before the commencement of the trial." These words are unambiguous and unequivocal; there is no room for construction.

Reversed and new trial ordered.