144

(No. 55593.—

FRANKIE CHILDRESS, Appellee, v. THE INDUS-
TRIAL COMMISSION *et al.* (St. Mary's Hospital, Ap-
pellant).

*Opinion filed October 22, 1982.*

GOLDENHERSH, J., took no part.
SIMON, J., concurring in part and dissenting in part.

James A. Thoenen and Richard J. Zalasky, of Evans and Dixon, Inc., of St. Louis, Missouri, for appellant.

Jack Randall, of Jack Randall, Inc., and Thomas Q. Keefe, Jr., of Cook, Shevlin & Keefe, Ltd., of Belleville, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

This action is a direct appeal (73 Ill. 2d R. 302(a)) by respondent, St. Mary's Hospital, of an award of attorney fees pursuant to section 16 of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.16), and of the amount of an award of temporary total disability.

The essential facts are not in dispute. Petitioner, Frankie Childress, a nurse's aide at St. Mary's Hospital, injured her back on May 13, 1978, while lifting a patient into a wheelchair. She continued to work for approximately a week and was then hospitalized at St. Mary's for her back injury. She was off work for approximately

five months, during which time respondent voluntarily paid her temporary total disability benefits.

Thereafter, petitioner was released by her doctor to return to work on "light duty." She worked approximately one week until respondent informed her there were no light-duty jobs available. Respondent then resumed payment of temporary total disability benefits to petitioner.

On February 6, 1979, petitioner was examined by respondent's physician, Dr. Michael Winer. On the basis of his examination Dr. Winer determined that petitioner was able to return to work without any restrictions. Petitioner did not return to work, however, until July of that year.

After a hearing, the arbitrator found that petitioner's condition had not yet reached permanent status and awarded her 48⁶/₇ weeks of compensation pursuant to section 19(b) (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(b)). The period of temporary total disability was held to have occurred, intermittently, from May 13, 1978, the date of the injury, through May 8, 1979, the date of the hearing. The arbitrator also awarded petitioner $394.75 for necessary medical expenses. The award was entered on June 22, 1979. Shortly thereafter petitioner Childress returned to work.

On review before the Industrial Commission, the award of temporary total disability was reduced to 38³/₇ weeks, corresponding to the date respondent's physician determined petitioner was able to return to work without restrictions, February 6, 1979. The Commission also affirmed the award of $394.75 in necessary medical expenses and ordered respondent to pay $78.79 in attorney fees, pursuant to section 16 of the Act, as a penalty for unreasonable and vexatious delay in the payment of medical expenses.

On *certiorari*, the circuit court of St. Clair County in-

creased the award of temporary total disability to 48$^{6}$/$_{7}$ weeks, the amount awarded by the arbitrator, and also increased the amount of attorney fees awarded by the Industrial Commission to $950.

Two issues are raised on appeal before this court: (1) whether the award of 38$^{3}$/$_{7}$ weeks' temporary total disability by the Industrial Commission is against the manifest weight of the evidence, and (2) whether the award of attorney fees for unreasonable and vexatious delay in the payment of medical expenses is proper under section 16 of the Act.

With respect to the first issue, in addition to the testimony of petitioner, conflicting medical evidence was presented to the arbitrator and subsequently reviewed by the Commission. The petitioner presented the testimony of Dr. J. H. Monrow, Jr., by evidence deposition. Dr. Monrow is an osteopathic physician who examined petitioner at the request of her attorney. Dr. Monrow diagnosed petitioner's condition and evaluated it as permanent. In his opinion, petitioner would not be employable in the open labor market because she is unable to perform "manual duty." On cross-examination, Dr. Monrow testified that petitioner would be able to perform light work with no lifting, i.e., "writing, answering a phone, or something of this nature." The date of Dr. Monrow's examination was January 10, 1979.

On behalf of respondent, St. Mary's Hospital, the evidence deposition of Dr. Michael Winer was read into the record. Dr. Winer is an orthopedic surgeon who examined petitioner on February 6, 1979, at respondent's request. Dr. Winer's diagnosis was low back pain, with no objective evidence of nerve-root compression, which he classified as lumbosacral strain. He further testified that in his opinion Frankie Childress was at that time able to work without restriction or limitation.

Resolving conflicts in the evidence, drawing infer-

ences from testimony, and determining the credibility of witnesses and the weight to be given to their testimony are matters within the province of the Industrial Commission, and this court will not disturb the Commission's findings unless they are against the manifest weight of the evidence. (*Elliott v. Industrial Com.* (1982), 91 Ill. 2d 100, 107; *Hart Carter Co. v. Industrial Com.* (1982), 89 Ill. 2d 487, 494.) The conflict in the instant case consists of differing medical opinions as to whether the employee's condition permitted her to return to work. The resolution of conflicting medical opinions is clearly within the purview of the Industrial Commission. (*Avon Products, Inc. v. Industrial Com.* (1980), 82 Ill. 2d 297, 300; *Eagle Sheet Metal Co. v. Industrial Com.* (1980), 81 Ill. 2d 31, 36.) Here, it was clearly not against the manifest weight of the evidence for the Commission to accept the evaluation of the physician who testified on behalf of the employer. Accordingly, the Commission's award of temporary total disability for 38³/₇ weeks is affirmed.

With respect to the second issue, the employer argues that an award of attorney fees for unreasonable and vexatious delay in the payment of medical expenses is not proper under section 16 of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.16). It is the employer's position that an award of attorney fees under that section is only proper for an unreasonable and vexatious delay in the payment of *compensation, i.e.,* compensation for lost wages during the period the employee is unable to work. We agree.

Section 16 of the Act provides:

"Whenever the Commission shall find that the employer *** has been guilty of *unreasonable or vexatious delay,* intentional underpayment of compensation benefits, or has engaged in frivolous defenses which do not present a real controversy, *within the purview of the provisions of paragraph (k) of Section 19 of this Act,* the Commission may assess all or any part of the attorney's fees and costs against such employer and his insurance

carrier." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 48, par. 138.16.)

We believe that the phrase "unreasonable or vexatious delay" in section 16 must be read in the context of, and as limited by, the phrase "within the provisions of paragraph (k) of Section 19 of this Act."

Paragraph (k) of section 19 provides:

"In case where there has been any *unreasonable or vexatious delay of payment* or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award. *Failure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay.*" (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(k).)

The language of paragraph (k) of section 19 mirrors the language of the provisions of section 16 in question in this case. By the direct reference to paragraph (k) of section 19, the award of attorney fees is limited under section 16.

Furthermore, paragraph (k) of section 19 defines "unreasonable delay" as referring to compensation as awarded under section 8(b) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(b)). Section 8(b) of the Act pertains solely to the payment of compensation for lost wages. This is clearly different from the payment by the employer for all necessary medical and surgical services as delineated by section 8(a) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(a)). Section 8(a) also provides that "[t]he furnishing of any such services *** by the employer is *not* the payment of compensation." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 48, par. 138.8(a).

This reading of the applicable provisions of the Act is consistent with this court's decision in *Colclasure v. Industrial Com.* (1958), 14 Ill. 2d 455, which distinguished be-

tween the payment for medical services and the payment of disability benefits. The issue before this court in *Colclasure* was whether proceedings commenced by an employee to recover a workmen's compensation award must abate *in toto* upon petitioner's death from independent causes prior to the time the Industrial Commission order is rendered. (14 Ill. 2d 455, 456.) In *Colclasure* this court observed that the Workmen's Compensation Act is designed to furnish financial protection to employees and their dependents by insuring both weekly payments during periods of disability and proper medical attention. The primary purpose of the payment of weekly benefits is to replace lost earning power, while the required medical and hospital attention is designed to relieve the employee and his family from the costs and burdens of such care. (14 Ill. 2d 455, 458.) This court concluded in *Colclasure*:

> "Considering that our own statute expressly differentiates between medical services and disability benefits, it is our opinion that the term 'compensation' as used in section 22 of the Illinois Workmen's Compensation Act [citation] refers solely to the compensation embodied in the right to temporary and permanent disability benefits conferred by the act, and that it was not intended to bar or abate the claim or recovery of necessary hospital, surgical and medical expenses incurred or paid for by the deceased employee as the result of injuries arising out of and in the course of his employment." *Colclasure v. Industrial Com.* (1958), 14 Ill. 2d 455, 460.

It is possible for attorney fees to be assessed against an employer for refusal to pay the injured employee's expenses under section 8(a) of the Act, but the proper statutory provision under which such fees are awarded is section 19(g) (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(g)). In *Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, the employee, as a result of her injury, was unable to be self-sufficient and required continuous nursing care. Attorney fees were assessed against the employer for the unilateral termination of payments. Section 19(g) applies to the employ-

er's refusal to pay after a final award rather than mere delay in payment as in section 19(k).

In the instant case the charge of unreasonable and vexatious delay concerned the payment of medical expenses under section 8(a), not disability compensation under section 8(b). The sanction of attorney fees under section 16, by its terms, does not apply. Accordingly, we hold that the award of attorney fees for an unreasonable and vexatious delay in the payment of medical expenses is not proper under section 16 of the Workmen's Compensation Act.

The judgment of the circuit court of St. Clair County is reversed. The award by the Industrial Commission for 38³/₇ weeks' temporary total disability is affirmed and the award of attorney fees under section 16 is reversed. The cause is remanded to the Industrial Commission for entry of an award in accordance with this opinion.

*Judgment reversed; order affirmed in part and reversed in part; cause remanded with directions.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.

JUSTICE SIMON, concurring in part and dissenting in part:

I have no quarrel with the majority's holding that the Industrial Commission's award was not against the manifest weight of the evidence. My dispute is with its holding that attorney fees may not be awarded for unreasonable or vexatious delay in payment of medical expenses under section 8(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(a)). Common sense tells me that the Commission should have the discretion to award attorney fees in such a case, and I see nothing in the relevant statutory sections or the case law which convinces me that I am wrong.

I agree that section 8(a) of the Act differentiates be-

tween "[t]he furnishing of [medical] services" by the employer and the "payment of compensation." (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(a).) However, section 16 of the Act, in providing for the assessment of attorney fees, is phrased in the disjunctive rather than the conjunctive, the alternative grounds being "unreasonable or vexatious delay" (as found in this case), "intentional underpayment of compensation benefits," and "engag[ing] in frivolous defenses which do not present a real controversy." (Ill. Rev. Stat. 1977, ch. 48, par. 138.16.) I read the second of these alternatives as providing an example of the first alternative, not as limiting that alternative. If "unreasonable or vexatious delay" applied only to compensation benefits, as the majority concludes, the phrase "intentional underpayment of compensation benefits" would not be needed even to illustrate unreasonable or vexatious delay, as intentional underpayment without good reason is obviously an example of such delay. Such an interpretation would be contrary to the maxim of statutory construction that each phrase or provision be given independent meaning where possible. *People v. Warren* (1977), 69 Ill. 2d 620, 627; *Hirschfield v. Barrett* (1968), 40 Ill. 2d 224, 230, *cert. denied* (1969), 393 U.S. 1062, 21 L. Ed. 2d 706, 89 S. Ct. 716.

Nor can I accept the majority's contention that the words "within the purview of the provisions of paragraph (k) of Section 19 of this Act" in section 16 must be read as limiting the scope of the words "unreasonable or vexatious delay." (Ill. Rev. Stat. 1977, ch. 48, par. 138.16.) Three commas, two phrases and the word "or" intervene between the former phrase and the latter. Statutory construction in Illinois follows the last antecedent rule, which requires that in the absence of explicit indications to the contrary, such as statements of legislative purpose, a qualifying phrase is to be read as modifying only the immediately preceding word or phrase rather than as referring back to more remote antecedents. (See, *e.g., City of Mount*

*Carmel v. Partee* (1979), 74 Ill. 2d 371, 375.) There is no reason to interpret the language referring to section 19(k) of the Act as modifying anything other than the immediately preceding phrase, "or has engaged in frivolous defenses which do not present a real controversy," particularly as section 19(k) contains a provision very similar to that phrase.

Even if the words "unreasonable or vexatious delay" were subject to the provisions of section 19(k), there is nothing in that section that limits the definition of such delay to delay in payment of compensation benefits. The majority points to the phrase "[f]ailure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay" (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(k)) as limiting the definition accordingly. Yet section 8(b) contains very detailed provisions as to the timing as well as the amount of payment of disability compensation. Section 8(a), the section governing payment of medical expenses, does not contain comparable timing provisions. The quoted language in section 19(k) is not exclusive. The legislature may well have thought it necessary to reinforce the specific terms of section 8(b) by prescribing penalties and attorney fee awards for conduct falling short of strict compliance with those terms. It does not follow from this that it meant to preclude such awards in other cases of undue delay. I read the phrase cited by the majority in section 19(k) as setting forth merely one example of conduct constituting unreasonable delay, not the sole instance of such delay.

For the reasons stated above, I believe that the phrase "unreasonable or vexatious delay" in section 16 includes delay in payment of medical expenses. The existence of another provision in the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(g)) permitting recovery of attorney fees for such delay *after* a final award has been entered, I find of no significance; it does not prevent an award of attorney fees for

delay of payment of medical expenses at an earlier stage of the litigation any more than it prevents a similar award for an earlier delay of payment of compensation benefits. Also perplexing is the majority's reliance on *Colclasure v. Industrial Com.* (1958), 14 Ill. 2d 455. All that case held was that medical expenses were not "compensation" for purposes of a provision which extinguished the right to "compensation" upon the beneficiary's death. This distinction has no relevance to our inquiry if the phrase "unreasonable or vexatious delay" is not limited to the payment of "compensation."

Although the Workmen's Compensation Act distinguishes between medical expenses and disability benefits, it provides expressly for the payment of both. The purpose of the latter is to provide an injured worker with an income stream commensurate with that which the worker would have had if the injury had not occurred, and thereby to prevent such personal hardships as eviction for nonpayment of rent or the cutting off of utility service which may result from not having such income. (*Board of Education v. Industrial Com.* (1982), 93 Ill. 2d 1, 12.) The purpose of requiring the payment of medical benefits is similarly to insure that the claimant is made medically whole without having to divert income that she would use for other necessary expenses to that end, and so that her physicians will continue to treat her. Medical bills must be paid when due, as must rent and utility bills, and harsh consequences may attend the late payment of either. An unpaid physician may be unwilling to continue his service or may reduce its frequency. Just as "[i]t hardly comports with [the intent of the Act] to permit employers to litigate *ad infinitum*," safe in the knowledge that the claimant is being forced to pay attorney fees while attempting to compel payment of disability benefits (*Board of Education v. Industrial Com.* (1982), 93 Ill. 2d 1, 14), permitting employers vexatiously to delay payment of medical expenses, forcing claimants to

sue for the funds on their own time and using their own money, is similarly repugnant to the Act's purposes. As I see nothing in section 16 which commands different treatment, I presume that similar treatment was intended and would affirm the circuit court's decision confirming the award of attorney fees.