RALPH THOMAS WHERRY, Appellant, v. THE INDUSTRIAL COMMISSION et al. (Wherry Machine and Welding, Appellee).

Fourth District (Industrial Commission Division)   No. 4—91—0350WC

Opinion filed July 15, 1992.—Rehearing denied September 30, 1992.

Guy C. Fraker, of Bloomington (Dawn L. Wall, of counsel), for appellant.

Thomas Mark Schmidt, of Livingstone, Mueller, O'Brien & Davlin, P.C., of Springfield, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Claimant Ralph Wherry was employed as a welder for Wherry Machine and Welding Company (the employer), when on August 21, 1972, an explosion occurred. Claimant sustained serious burns in the accident and was off work for a period of six months. The employer paid all medical expenses for claimant's initial medical care and treatment, and the employer paid benefits to claimant for the period claimant missed work. The last medical bill the employer paid was in the 1970s. On January 12, 1985, claimant filed an "application for compensation," seeking recovery for medical expenses relating to his injury of August 21, 1972. Specifically, in December of 1987, claimant had seen Dr. G. Theilemann for evaluation of scar revisions. Claimant was billed $40 dollars for the visit, which claimant paid.

The arbitrator ruled that claimant was entitled to the subject medical expense. The employer filed a review of the arbitrator's decision, and the Industrial Commission (Commission) reversed the arbitrator's award of medical expenses, holding that claimant's application for benefits was untimely under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*). Claimant appealed the Commission's decision to the circuit court, which confirmed the Commission's decision. We affirm.

■ The issue we address is whether the statute of limitations provision of section 6(c) of the Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.6(c)) applies to a claim for medical benefits. Section 6(c) provided in pertinent part:

"(c) No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given *** Provided:

\* \* \*

In any case, *** unless the application for compensation is filed with the Commission within 1 year after the date of the accident, where no compensation has been paid, or within 1 year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred."

Claimant has contended, and the employer has not disputed, that the 1971 statute in effect at the time of claimant's injury applies to the instant case. Claimant's application was filed well outside of the limitations period in both the 1971 Act and the Act in effect at the time his application was filed. (See Ill. Rev. Stat. 1985, ch. 48, par. 138.6.) Further, the parties agree that a claimant must comply with section 6(c) of the Act with respect to notice.

Claimant contends that the limitations provision does not apply to a claim for medical expenses because such expenses are not "compensation" within the meaning of the limitations provision. In support of this position, claimant makes a variety of arguments.

Initially, claimant observes that a number of courts have alluded to distinctions between the phrases "medical expenses" and "compensation" under the Act, or have specifically held medical expenses are not compensation under different provisions of the Act. (See *Pope v. Industrial Comm'n* (1973), 53 Ill. 2d 560, 293 N.E.2d 585 (court found employer estopped to raise statute of limitations defense based on representations as to date of payment of compensation); *Colclasure v. Industrial Comm'n* (1958), 14 Ill. 2d 455, 153 N.E.2d 33 (court decided whether action for medical expenses was compensation within the meaning of provision of the Act with respect to substitution of administrator after non-work-related death of claimant); *Childress v. Industrial Comm'n* (1982), 93 Ill. 2d 144, 442 N.E.2d 841 (court held that attorney fees not recoverable under sections 16 and 19(k) of the Act (Ill. Rev. Stat. 1977, ch. 48, pars. 138.16, 138.19(k)) for delay in payment of medical expenses); *Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 416 N.E.2d 745 (medical expenses not compensation under Act's provision that decisions of

Commission confirming or increasing arbitrator's award bear interest from date of arbitrator's award).) Claimant further notes that section 19(h) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(h)), which pertains to increase or decrease in settlement awards upon change in the employee's condition, draws a distinction between medical expenses and compensation.

Conceding that these arguments are technically correct, the employer argues that if no limitations period applies to claims for medical expenses, employers will be potentially liable for such expenses long after their ability to defend or verify such claims has passed. Additionally, the employer notes that if claimant's interpretation of the Act is correct, the notice provisions of section 6(c) become eliminated, as we would be forced to conclude that the same distinction applying to the limitations period applies to the rules of notice in section 6(c) as well. According to the employer, the word "compensation" may mean different things in different parts of the Act.

■ Initially, we note the extremeness of the position claimant advances. Claimant contends that there is no statute of limitations applicable to an injured employee's claim for medical benefits. According to claimant, as long as an employer has initial notice of a work-related injury, the employee may file a claim for medical expenses, whether 10, 20 or 50 years have passed since the injury. Implicit in this argument is that a claimant has no obligation to either initiate a claim for medical expenses during the limitations period when it is incurred within the limitations period, or to litigate entitlement to medical expenses which at the time of litigation are known will occur beyond the limitations period or should be known will occur beyond the limitations period. The purpose of statutes of limitation in compensation proceedings, however, is to "protect the employer against claims too old to be successfully investigated and defended." (2B A. Larson, Workmen's Compensation §78.10, at 15—105 (1989).) The prejudice to employers to investigate and defend such claims based upon distant accidents is manifest.

Nor are the cases relied upon by claimant binding upon us, as they do not address the threshold limitations issue, but instead deal with individual paragraphs of the Act, and interpretations of the word "compensation" in these individual paragraphs. We note, as the employer points out, that the supreme court in the case of *Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 383 N.E.2d 207, has implicitly suggested that certain sections of the Act may use the word "compensation" in a manner which includes medical expenses. In *Ahlers*, the court considered the issue of whether a claim for medical

expenses in an action on an approved settlement agreement could properly be commenced in the circuit court. The court held that it could, notwithstanding that section 19(g) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(g)), the governing provision, referred only to the phrase "payment of compensation according to this Act."

■ We hold that while the term "compensation" may exclude medical expenses in other sections of the Act, it does not exclude medical expenses as it is used in section 6(c). To hold otherwise would preclude a remedy to an employee who is unjustly denied medical benefits. In fact, despite his argument, claimant in the case *sub judice* has filed an "application for compensation," seeking only medical expenses. It is clear that medical expenses are thus included in the phrase application for compensation, and that section 6(c) of the Act provides the limitations period for the filing of an application for compensation.

We further note that the legislature has chosen to provide a discovery period for certain injuries (*i.e.*, asbestos-related and radiology-related injuries) which by their very nature do not manifest themselves within the limitations period. (See Ill. Rev. Stat. 1985, ch. 48, par. 138.6(d).) This evidences the legislature's awareness that certain claims may not arise within the limitations period of section 6(c). Nowhere in the Act has the legislature stated that medical expenses are exempt from the limitations period, and we refuse to read such a provision into the Act.

Accordingly, the judgment of the circuit court of McLean County is affirmed.

Affirmed.

McCULLOUGH, P.J., and WOODWARD, STOUDER, and H. LEWIS, JJ., concur.