TERRY LEGRIS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Interlake Material Handling, Appellee).

Fourth District (Industrial Commission Division)   No. 4—00—1037WC

Argued June 28, 2001.—Opinion filed July 31, 2001.—Rehearing denied September 6, 2001.

Jean A. Swee, of Williams & Swee, Ltd., of Bloomington, for appellant.

Edward L. Hennessy, of Hennessy & Roach, P.C., of Chicago, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Terry Legris appeals from the order of the circuit court of McLean County reversing a decision of the Illinois Industrial Commission (Commission). The arbitrator found the claim was untimely and barred by the statute of limitations. With one commissioner dissenting, the Commission reversed and awarded claimant $329.75 per week for 37.5 weeks for permanent partial disability to the extent of 7.5% loss of the man as a whole. 820 ILCS 305/8(d)(2) (West 1998). The respondent employer is Interlake Material Handling.

The issues are whether (1) "compensation" as used in the limitation provision of section 6(d) of the Workers' Compensation Act (Act)

(820 ILCS 305/6(d) (West 1998)) includes payment of medical expenses incurred as a result of an accidental injury; (2) the payment of medical bills relating to an accidental injury by a workers' compensation carrier extends the statute of limitations pursuant to section 8(j) of the Act (820 ILCS 305/8(j) (West 1998)); and (3) the Commission's finding that respondent is estopped from raising the statute of limitations is against the manifest weight of the evidence. We reverse the order of the circuit court and reinstate the Commission's decision.

Claimant's application for adjustment of claim alleged an accidental injury to his back on July 2, 1989. The application for adjustment of claim was filed on February 3, 1997. It is undisputed that claimant treated with multiple physicians, including company doctor Dr. John Purnell and doctors to whom he referred claimant, from shortly after the date of the accident in 1989 through 1996. It is also undisputed that, until August 1996, respondent paid all of claimant's medical expenses by submitting them to his worker compensation carrier under the same claim number assigned to claimant in 1989. In December 1996, claimant received a letter from Eric Buttner, a claim supervisor with respondent's workers' compensation carrier, referring to a telephone conversation he had with claimant in August 1996 in which claimant was advised that the back injury would no longer be covered under workers' compensation. The letter also asked claimant to contact him regarding possible settlement. Subsequent to that letter, respondent refused payment of claimant's medical expenses.

The arbitrator found that the statute of limitations expired on July 2, 1992, the application for adjustment of claim was not timely filed, and respondent made no representations that misled or prevented claimant from filing the application for adjustment of claim in a timely manner. The Commission, finding payment of medical benefits amounted to "compensation" within the meaning of section 6(d) of the Act, concluded that the application for adjustment of claim was timely filed because it was filed within "three" years of the last payment of medical benefits in August 1996. The Commission also found that respondent was estopped from raising the statute of limitations defense because it engaged in a course of conduct that lulled claimant into a false sense of security by making continuous and repeated payments of medical benefits through the workers' compensation carrier for seven years and giving claimant a workers' compensation claim number for payment of bills. The circuit court found the Commission's interpretation of "compensation" in section 6(d) of the Act was incorrect and that the Commission's finding on estoppel was against the manifest weight of the evidence.

● 1 The first issue is whether "compensation" as used in the limita-

tion provision of section 6(d) of the Act (820 ILCS 305/6(d) (West 1998)) includes payment of medical expenses incurred as a result of an accidental injury. Section 6(d) provides that an application for compensation is timely if filed within three years after the date of accident or two years after the last payment of compensation, whichever is later. 820 ILCS 305/6(d) (West 1998). Statutory construction presents a question of law that this court considers *de novo*. *Norris v. Industrial Comm'n*, 313 Ill. App. 3d 993, 995, 730 N.E.2d 1184, 1186 (2000). Section 6(d) of the Act provides, in relevant part:

> "In any case, other than one where the injury was caused by exposure to radiological materials or equipment or asbestos unless the application for compensation is filed with the Commission within 3 years after the date of the accident, where no compensation has been paid, or within 2 years after the date of the last payment of compensation, where any has been paid, whichever shall be later, the right to file such application shall be barred." 820 ILCS 305/6(d) (West 1998).

In *Wherry v. Industrial Comm'n*, 233 Ill. App. 3d 192, 194-96, 599 N.E.2d 8, 9-11 (1992), construing an earlier version of the same statute of limitations, this court held that medical expenses were included in the term "compensation" for purpose of determining whether the statute of limitations was tolled. In *Wherry*, the question was whether the statute of limitations applied at all because the claimant argued that a claim for medical expenses was not a claim for compensation and therefore there was no statute of limitations. In *Wherry*, the court noted a number of cases that had recognized a distinction between medical expenses and compensation under other provisions of the Act. *Wherry*, 233 Ill. App. 3d at 194-96, 599 N.E.2d at 9-10. One of those cases, *Childress v. Industrial Comm'n*, 93 Ill. 2d 144, 148-51, 442 N.E.2d 841, 843-44 (1982), wherein the court held that attorney fees were not recoverable under sections 16 and 19(k) of the Act (Ill. Rev. Stat. 1977, ch. 48, pars. 138.16, 138.19(k)) for delay in the payment of medical expenses, has been expressly overruled since the *Wherry* decision. *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 510-14, 702 N.E.2d 545, 550-52 (1998). The *McMahan* decision adds even greater support to the holding in *Wherry*.

Although the language of the statute of limitations has changed somewhat since *Wherry*, even under the current statute of limitations as hereinabove quoted, *Wherry* provides precedent regarding whether compensation includes medical expenses. Where possible, a word repeated in a statute is given the same meaning, absent anything in the context indicating a different legislative intent. *People v. Talbot*, 322 Ill. 416, 422, 153 N.E. 693, 695-96 (1926). Here, to define

"compensation" differently in the same sentence would seem an absurd result. See *McMahan*, 183 Ill. 2d at 513-14, 702 N.E.2d at 552 (statutes should be construed to avoid an absurd result).

Here, as did the claimant in *Wherry*, the respondent attempts to avoid the result by referring to cases interpreting "compensation" as used in other sections of the Act as not to include medical expenses. Most of those cases were discussed in *Wherry*. The respondent argues that in *Kaskaskia Constructors v. Industrial Comm'n*, 61 Ill. 2d 532, 534, 337 N.E.2d 713, 714 (1975), the supreme court, after quoting the applicable version of the statute of limitations (Ill. Rev. Stat. 1969, ch. 48, par. 138.6(c)(3)), stated, "The Act furthermore provided that the furnishing of medical services is not the payment of compensation. (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(a).)" The last paragraph of section 8(a), pertaining to the payment for medical services, continues to provide that, "The furnishing of any such services or appliances or the servicing thereof by the employer is not the payment of compensation." 820 ILCS 305/8(a) (West 1998). In this case, this court need not decide what the last paragraph of section 8(a) means. Section 8 of the Act begins, "The amount of compensation which shall be paid to the employee for an accidental injury not resulting in death is:" and then proceeds with the various subsections, including subsection 8(a) dealing with medical expense benefits. 820 ILCS 305/8 (West 1998). Section 8 has been construed as including medical expenses within the term "compensation." *McMahan*, 183 Ill. 2d at 512, 702 N.E.2d at 551. To the extent it is inconsistent with the reasoning in *McMahan*, *Kaskaskia* is no longer viable.

●2 The Commission properly found that the payment of medical benefits in this case amounted to "compensation" within the meaning of section 6(d) of the Act and the claimant's application for adjustment of claim was timely filed within two years of the last payment of said medical benefits in August 1996.

We find additional support for this result in the language of section 8(j) of the Act (820 ILCS 305/8(j) (West 1998)). Section 8(j) provides in relevant part:

> "In the event the injured employee receives benefits, including medical, surgical or hospital benefits under any group plan covering non-occupational disabilities contributed to wholly or partially by the employer, which benefits should not have been payable if any rights of recovery existed under this Act, then such amounts so paid to the employee from any such group plan as shall be consistent with, and limited to, the provisions of paragraph 2 hereof, shall be credited to or against any compensation payment for temporary total incapacity for work or any medical, surgical or

hospital benefits made or to be made under this Act. *In such event, the period of time for giving notice of accidental injury and filing application for adjustment of claim does not commence to run until the termination of such payments.* This paragraph does not apply to payments made under any group plan which would have been payable irrespective of an accidental injury under this Act. Any employer receiving such credit shall keep such employee safe and harmless from any and all claims or liabilities that may be made against him by reason of having received such payments only to the extent of such credit." (Emphasis added.) 820 ILCS 305/8(j) (West 1998).

We find no logical distinction between the payment of medical benefits under a group plan covering nonoccupational disabilities and the payment of medical benefits under a workers' compensation insurance policy.

Because of this court's determination of the first two issues, we do not discuss whether the Commission's finding that respondent is estopped from raising the statute of limitations is against the manifest weight of the evidence.

The order of the circuit court of McLean County reversing the Commission's decision is reversed, and the Commission's decision is reinstated.

Circuit court reversed; Commission decision reinstated.

HOFFMAN, O'MALLEY, HOLDRIDGE, and RARICK, JJ., concur.